Thomas *vs.* Gumaer & Allen.

Where an agreement between two persons, perfect in all respects as between them as the *sole contracting parties*, was signed by them, and a third person who added the words 'as security' to his name; and in the agreement was contained a clause, 'we bind ourselves,' &c.; *it was held*, that the third person, being the second signer, was the surety of the first signer, and was jointly bound with him to perform the stipulation of the contract.

Demurrer to declaration. The plaintiff declared in *covenant*, setting forth that by certain articles of agreement made between Gumaer and Allen as his security of the first part, and the plaintiff of the second part, the *defendants* covenanted to sell and deliver to him 5000 cedar rails, to be delivered on,· &c. at, &c.; and that he covenanted to pay to Gumaer $50 per thousand, &c.; and after averring performance on his part, the plaintiff alleged that the defendants did not deliver the rails, &c. The defendant, Gumaer, craves *oyer* of the agreement, and sets it forth, whereby it appears that the agreement is between Gumaer of the first part, and Thomas of the second part; all the stipulations are between them, and no other party is named; it concludes in these words: " And for the faithful performance of the covenants and agreements above mentioned, we bind ourselves to each other in the penal sum of $500; in witness whereof, we hereunto set our hands and seals," &c. (Signed) " Elias Gumaer, [L. s.] Rowland Allen, as security, [L. s.] William Thomas, [L. s.]" After setting forth the agreement, the defendant *demurs* to the declaration, assigning for cause, that the covenant to deliver the rails is alleged in the declaration to have been made by Gumaer and Allen, whereas, by the instrument, it appears that the covenant was made by Gumaer alone; and that it does not sufficiently appear who are the respective parties, whether Allen is the surety of the plaintiff, or of the defendant, &c. The plaintiff joins in demurrer.

*N. P. Randall*, for defendant.

*J. A. Spencer*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. In administering justice, courts must examine the contracts of parties and ascertain what was their intention, and then enforce that intention, if lawful. There is no ambiguity about the commencement of this contract; Gumaer was to furnish the rails and deliver them, and Thomas was to pay for them. Then follows the conclusion, that for the performance of these covenants ' *we* bind ourselves;' not the parties to the above contract, but *we,* the subscribers. Hence it follows that Rowland Allen bound himself as surety, for the faithful performance of the cove-nants and agreements above mentioned. The signers bound themselves to each other, but the contract had but two sides to it ; it was not tripartite ; besides, Allen was surety. The intention is to be ascertained from the contents of the instru-ment, and from all circumstances under which it appears. Gumaer first signed the contract ; there is no doubt as to what he agreed to do. Allen next signs as surety. Surety for whom, and for what? Necessarily for some one who had become ob-ligated to do something; as yet Thomas was not bound by the contract. Allen could not be surety for him, for he was not obligated to do any thing. Gumaer and Allen were then bound to Thomas ; Allen's obligation, therefore, could be nothing else than that Gumaer should perform his part of the agreement, or that he was jointly bound with Gumaer to per-form Gumaer's stipulations. The latter seems to be the nat-ural meaning to be drawn from his signature, and the conclu-sion of the agreement. It seems to me, therefore, there can be but one way in which this contract can be construed, so as to give effect to every part of it. Cases of indentures of ap-prenticeship were referred to, to shew when all the parties sign-ing an instrument are bound to perform it. When the pa-rent or guardian subscribes his name merely to give his as-sent, there is no obligation upon him if the apprentice fails to perform his agreement ; but if the indentures conclude, that " for the true performance of the covenants and agreements, the parties bind themselves to each other," and the parent or guardian signs, he is bound for his child or ward. This has been so decided in this court, *Mead* v. *Billings,* 10 Johns. R. 99 ; *Bull* v. *Follett,* 5 Cowen, 170 ; but where there is no such

conclusion, no agreement to be bound to the performance of the covenants, the signature of the parent or guardian signifies his assent, but creates no obligation, *Ackley* v. *Hoskins*, 14 Johns. R. 374. That it is not necessary to insert the name of an obligor in the body of the instrument to render it obligatory, has also been decided. *Ex parte Fulton*, 7 Cowen, 484.

I am therefore of opinion that the demurrer is not well taken, and that the plaintiff is entitled to judgment; leave, however, is given to the defendant to withdraw his demurrer and plead on payment of costs.