21b 218
35ap 64

## W. H. Perkins vs. Daniel Goodman, James Goodman and John McElrone.

Where J. G. signed an instrument by which he authorized D. G. to use his, J. G.'s name " to his agreement," without specifying any agreement in particular, *it was held* that parol proof of what D. G. told J. G. he wanted the writing for, at the time when he obtained it, was admissible.

In such cases evidence of extrinsic or surounding circumstances is competent, to show what agreement the party giving the authority intended to have signed in his name.

An individual executing an instrument already signed by others, who are named as the parties to it, thereby becomes a party to the instrument, and is bound by it, although not named in the body of the writing.

The undertaking of a surety who signs, upon the face, or at the end, of a contract, with the principal, although he adds the word surety to his name, is an original and not a collateral undertaking.

It is not a promise to answer for the debt, default or miscarriage of another, but is an undertaking for a direct performance on his own part.

The surety becomes a party to the contract, and may be treated as principal by the creditor, although he is merely a surety as between him and the other party, with whom he jointly or severally undertakes.

In such cases no writing, other than the body of the contract, is necessary; and the statute of frauds has no application. The debt is his, if the contract is valid.

But in cases where the undertaking of the surety is not for a direct performance by himself, but that his principal shall perform, and that he will be bound in case of non-performance by the principal, the undertaking is collateral. It is a promise distinct and separate from the original contract, to which it is collateral, and must be in writing and express the consideration.

Where a contract, between A. of the first part and B. and C. of the second part, is first signed by A. and then by B. and C., after which it is signed by D. as "surety," the position D.'s name occupies, sufficiently indicates that he intends to become bound with B. & C.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the sum of $200 and interest, being the balance of rent due upon certain premises situate on Exchange street, in the city of Rochester, under a lease thereof, bearing date the 5th day of April, 1852, executed by Alfred Ely, to the defendants, Daniel Goodman and James Goodman, and signed by the defendant John McElrone, as security for the lessees, which lease was subsequently, and before the expiration thereof, for a valuable consideration, assigned by the said Alfred

Ely to the plaintiff. The complaint set forth the granting of the lease from Ely to the defendants, the assignment of all his interest in the premises, and the rents thereof, to the plaintiff, and the amount claimed to be due. The separate answers of the defendants contained a general and specific denial of each and every allegation of the complaint.

On the trial before the referee, the defendant Daniel Goodman was examined as a witness, by the plaintiff. He testified that James Goodman was his father; that he, the witness, and John McElrone, executed the lease in question, and that the witness signed the name of his father, "James Goodman by Daniel Goodman;" that the only authority which he had from his father, to execute the lease for him, was the following power of attorney: "I authorize Daniel Goodman to use my name to his agreement.                    JAMES GOODMAN.

Rochester, April 1st, 1852."

The witness was asked this question: "When you obtained that paper from your father, what did you tell him you wanted it for?" This was objected to as immaterial, incompetent and improper. The objection was sustained, and the plaintiff's counsel excepted. The lease purported to be made by and between "Alfred Ely of the first part, and Daniel Goodman and James Goodman of the second part," and was signed by them; also by "John McElrone, surety." The assignment from Ely to the plaintiff was admitted. It was proved that the above power of attorney from James Goodman was exhibited to Alfred Ely, previous to the execution of the lease, and that an arrangement was made, for the lease, on the strength of that instrument. The referee reported that the lease was properly executed by Daniel Goodman, who did not appear in the action; that the execution thereof by James Goodman was not proved; and that John McElrone executed the same as a mere surety for Daniel and James Goodman, without any agreement in writing, on his part, except what might be inferred from the word surety. He therefore decided that the defendants James Goodman and John McElrone were entitled to judgment. The plaintiffs appealed.

Perkins *v.* Goodman.

*A. Ely*, for the appellant.

*W. S. Bishop*, for the respondents.

*By the Court*, JOHNSON, J. The question put to the witness, as to what he told his father he wanted the writing for, when he obtained it, was proper, and the answer should have been allowed.

The writing authorized the witness to use his father's name to his (the son's) agreement, without specifying the particular agreement intended. In such cases evidence of extrinsic or surrounding circumstances is competent to show what agreement the party giving the authority intended to have signed in his name. (1 *Greenl. Ev.* §§ 282, 287, 288.)

The referee also erred in holding, as matter of law, that the defendant McElrone was not a party to the agreement. His intention to be bound is manifest, from the fact of his signing as surety, with the other parties to the contract. He is therefore bound, although his name does not appear in the body of the contract. (*Ex parte Fulton*, 7 *Cowen*, 484. *Thomas v. Gumaer*, 7 *Wend.* 43.)

The undertaking of a surety who signs upon the face, or at the end of a contract, with the principal, although he adds the word surety to his name, is an original and not a collateral undertaking. It is not a promise to answer for the debt, default or miscarriage of another, but is an undertaking for a direct performance on his own part. He becomes a party to the contract, and may be treated as principal by the creditor, although he is a surety merely, as between him and the other party, with whom he jointly or severally undertakes. In such cases no writing, other than the body of the contract, is necessary; and the statute of frauds has no application. The debt is his if the contract is valid. (*Hunt* v. *Adams*, 5 *Mass. Rep.* 358.)

But in cases where the undertaking of the surety is not for a direct performance by himself, but that his principal shall perform, and that he will be bound in case of non-performance by the principal, the undertaking is collateral. It is a promise

It is claimed that it does not sufficiently appear for which party the defendant McElrone undertook, as surety. But I think this is manifest from the position his name occupies. The party of the first part signed and sealed first, and this defendant's signature follows that of the other parties of the second part. This, I think, sufficiently indicates that he intended to be bound with them. (*Thomas* v. *Gumaer, supra.*) The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, December 3, 1855. *Selden, Welles* and *Johnson,* Justices.]