# LŒBER *v.* DELAHAYE & Co.

While a party is in default, for want of an answer or plea, he is not entitled to ask the court to give instructions. All that he can do, is to cross-examine the witnesses of the plaintiff, at the time of the assessment of damages.

A defendant, being in default, for want of an answer, admits the right of the plaintiff to recover. He cannot claim that the plaintiff is entitled to recover nothing; nor can he object to the sufficiency of the petition to authorize the judgment.

*Appeal from the Des Moines District Court.*

MONDAY, APRIL 4.

Action upon a promissory note, by the assignee, against the maker and assignors, commenced before a justice, and appealed by defendants to the district court. Defendants appeared before the magistrate, but made no defense. In the district court, they asked certain instructions, as to the duty of plaintiff to present the note for payment, and upon the subject of protest and notice of non-payment. These instructions were given, but the jury were told, that as defendants had not in their pleadings, set up a want of notice, they could not take advantage of it on the trial. Verdict for plaintiff; motion for new trial overruled; judgment on the verdict; and defendants appeal.

*D. Rorer*, for the appellant.

*Hall, Harrington & Hall*, for the appellees.

WRIGHT, C. J.,—Defendants were in default before the justice, and, in the district court, took no steps to set aside this default, by asking leave to plead, or otherwise; nor did they, at any stage of the proceedings, answer the plaintiff's cause of action. Being thus in default, they were in no position to ask instructions. All they could do, was to cross-examine the witnesses of plaintiff, at the time of the assessment of damages. Code, section 1831; *Cook &*

*Owsley* v. *Walters*, 4 Iowa, 72.   We do not stop, therefore, to inquire into the correctness of the instructions, for the defendants are in no position to complain.

A defendant, being in default, admits the right of the plaintiff to recover.   While in this attitude, his rights are exceedingly circumvented by the express language of the Code.   The proceeding is substantially in the hands of the plaintiff.   While the default continues, the plaintiff has nothing to do, but to prove his damages.   In doing this, his proof will, of course, vary according to the nature of his cause.   If a defendant is in default, however, he cannot claim that plaintiff is entitled to recover nothing.   He is, at least, entitled to nominal damages.   In the adjudication of the question, whether he is entitled to more, the defendant is given the right to appear and cross-examine witnesses.   If he would do more, he must first remove the default.   These remarks are made in view of the objection of appellants, that the petition is insufficient to authorize, the judgment.   We are clear that it is not so wanting in substance, as that the objection can avail a party in default.

Judgment affirmed.