McLott, Corbin & White, for the use of Marvin v. Savery and Savery.

1. Exhibits. The plaintiff is not required by the statute to attach to his petition documentary evidence; a copy of the instrument or account upon which he bases his action is sufficient.

2. Guaranty; joinder of parties. M. C. & W. leased certain premises to S. S. for a term of years, the lessee agreeing to pay the rent therefor quarterly. J. C. S. joined in the execution of the lease and guaranteed upon his part that the payments of rent should be faithfully made as they become due. *Held,* That J. C. S., upon the failure of the lessee to pay the rent, became liable upon his contract without further conditions and was properly joined with the lessee in an action for the rent in arrear.

3. PARTIES. A written lease was transferred by the lessor to a subsequent purchaser of the premises leased without an assignment in writing. It was held that an action in the name of the lessors for the use of the transferee was properly brought by the lessor and the party holding the legal title to the lease.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 19.

THE defendant Safford Savery, leased of McLott, Corbin & White, certain premises in the city of Des Moines, for a term of years. A written lease was entered into, in which, for the use of said premises, the defendant Safford Savery, agreed to pay the said lessors an annual rent, payable quarterly; and the defendant James C. Savery joined in the execution of said lease and guaranteed upon his part that the payments of rent should faithfully be made as they became due.

The title to said real estate after said lease was executed and in force was transferred by McLott, Corbin & White, to White & Smith, and by them to C. B. Marvin. The lease was never transferred by assignment to White & Smith, by the said McLott, Corbin & White, but White as a member of each firm had possession of the same and in the name of White & Smith, assigned the same to C. B. Marvin. This suit is brought in the name of McLott, Corbin & White, who sue for the use of C. B. Marvin, to recover rent due upon said leased premises after the title was vested in said Marvin. The defendants demurred to the petition of the plaintiffs for certain causes which appear in the opinion of the court. The demurrer being overruled the defendants excepted thereto and having refused to answer, judgment was rendered against them upon the demurrer. Defendants appeal.

*Brown & Sibley* for the appellants.

*S. V. White* for the appellees.

BALDWIN, J.—The errors assigned which we think proper to consider, relate to the ruling of the court upon defendant's demurrer.

It is first claimed that there was no copy of the deed from White & Smith to Marvin attached to and made part of plaintiff's petition. The plaintiff's cause of action is based upon the written lease, a copy of which is attached to the plaintiff's petition. It is not the evidence in the case that the plaintiff is to attach to his petition, but a copy of the instrument or account upon which he sues. The plaintiff must give to defendant notice of his cause of action, and not the evidence he will offer to sustain it. The demurrer for this reason was not well taken.

It is claimed in the second place that there was a misjoinder of parties; that James C. Savery was not primarily liable with the lessee, Safford Savery; that in order to make him so liable, due diligence should have been first used against the said Safford Savery, before suit could be brought against James C. Savery. This position of appellants cannot be maintained. James C. Savery was not an indorser or assignor of the contract after made, but he became a party to the original contract, and agreed to pay the rents as stipulated, if not paid by the lessee. As soon as there was a failure to pay by Safford, James C. became jointly liable with him.

It is claimed in the third place that this suit is not brought in the name of the real parties in interest; that notwithstanding the lease had never been assigned by McLott, Corbin & White, yet that it was in possession of Marvin, assigned to him by White & Smith; and that, as their assignee as well as vendee of the leased premises, he had a right to sue in his own name. Section 1676 of the Code of 1851 provides that suits must be brought in the name of the real parties in interest. This section however merely prescribes a rule of action and is in no wise to affect substantial rights. Had this action been brought against the lessee alone, for

rent due, Marvin, as the vendor of the leased premises, could have sued in his own name. But this proceeding is based upon the written lease against the lessee and his surety; and the lessors, McLott, Corbin & White, never having transferred by written assignment the lease to Marvin, the suit was properly brought in their name as the parties having the legal right to sue. Marvin could not have brought suit upon it in his own name. See *Farwell* v. *Tyler*, 5 Iowa 540.

The next point made by appellants is that the court erred in admitting certain evidence upon the final hearing of the cause. The defendants upon the overruling of their demurer refused to answer. When a party abides by his demurrer and fails to plead over, he is not in a position to object to the admissibility of witnesses called by the plaintiff to establish his claim. He is in default for the want of an answer, and as a party in default he may have a right to appear and cross examine witnesses, but for no other purpose. See 7 Iowa, 478, and 4 Ib. 72.

Judgment affirmed.