## D. S. LIGHTNER AND WILLIAM LIGHTNER v. WILLIAM MENZEL, HENRY HAMMEL, AND ANDREW H. DENKER.

CONTINUANCE.—There is no error in refusing a continuance, under the circumstances of this case, on the ground that the applicant was informed by his attorneys several weeks before the term that the case could not be tried at that term, and that such attorneys reside at a great distance, and are not present, and their attendance cannot be procured.

IDEM.—It is no ground for a continuance that a material witness for the applicant is in another county in this State, where the applicant has taken no steps to procure his deposition, because he saw the witness several weeks before, and the witness promised to be present at the trial.

SURETIES ON WRITTEN CONTRACT. — The sureties of a party who covenants, in writing, to purchase meat of another party, for a fixed time at a fixed price, and pay him during the time a fixed rent for a slaughter house, and to pay him liquidated damages for failure to fulfill the contract, are liable with the principal upon all the covenants of the principal contained in the contract. The clause with regard to damages has no reference to the rent of the building and meat sold and delivered.

DAMAGES FOR VIOLATION OF CONTRACT.—If a contract, in writing, provides that either party shall forfeit to the other five hundred dollars for a failure to comply with its terms, and that such sum shall be considered as liquidated damages, the damages are limited to five hundred dollars.

INSTRUCTIONS TO JURY.—The Court may modify instructions asked, and give them as modified, provided the instructions as given present the case clearly and correctly.

EXCEPTIONS IN COURT BELOW. — Appellant cannot avail himself of error in the Court below in instructing the jury or in modifying instructions asked, unless he excepts in the Court below.

ANSWER DENYING A LEGAL CONCLUSION. — If the complaint avers the sale and delivery to defendant of goods and the value of the same, an answer which denies the indebtedness but does not deny the facts—the sale and delivery, and amount of goods—does not raise an issue, as it only denies the legal conclusion resulting from the facts.

VALID CONTRACT.—A contract by which one party binds himself to buy meat at a fixed price and for a time certain of another party, in consideration of the other party refraining from selling meat during that time at the place of business, is valid.

APPEAL from the District Court, Sixteenth Judicial District, Kern County.

This action was brought on the following contract:

"This agreement, made the 22d day of April, A. D. 1867, between D. S. Lightner and W. Lightner, partners doing business in the Town of Havilah, in the County of Kern, and State of California, under the firm name of Lightner & Lightner, with John Dunlap as their surety, of the first part, and William Menzel, of the same place, with Hammel & Denker as his surety, of the second part, witnesseth: That the said parties of the first part, for the considerations hereinafter specified, covenant and agree to and with said party of the second part, that they will not, from and after the first day of May next, for the period of six months thereafter, engage, directly or indirectly, in the business of butchering for the supply of the Havilah market with meat, or for the supply of any mining company therewith which is now being furnished by either of the parties hereto, except upon the conditions hereinafter expressed, viz: The said parties of the first part agree to rent to said party of the second part, the market house situate on Main street, in the Town of Havilah, and known as the "City Market," from and after the first day of May next, for the period of six months, for the sum of thirty-five dollars per month, payable on the fifth day of each and every month thereafter; also to furnish said party of the second part with all the beef, mutton, and pork necessary for the supply of the trade, at the following prices, to wit: beef at eight cents per pound, mutton at twelve and one half cents per pound, and pork at twelve and one half cents per pound. The beef, mutton, and pork to be slaughtered and dressed, and delivered daily at the market house aforesaid in such quantities (upon reasonable notice) as said party of the second part may require; the same to be weighed at said market house, an account thereof taken, and payment therefor to be made on the fifth

day of each and every month, for and during the period of six months from and after the first day of May next; the said parties of the first part also agree to deliver to said party of the second part, at the market house aforesaid, the livers, tongues, hearts, tripes, brains, and leaf suet or fat of each and every animal slaughtered, without weight or charge therefor, which may be killed under the terms of this agreement; and said parties of the first part agree that all beef, mutton, and pork hereinbefore agreed to be furnished shall be good, fair, marketable meat.

"And the said party of the second part agrees to rent the market house for the time and upon the terms aforesaid, and to purchase of said parties of the first part all the beef, mutton, and pork which may be necessary for the supply of the trade, at the prices aforesaid, and to make payment therefor as aforesaid; and further, that he will not, directly or indirectly, make purchase or sale of any beef, mutton, or pork, for and during the term aforesaid, which is not supplied by said parties of the first part.

"And it is agreed by said party of the second part that all payments to be made by virtue hereof shall be in United States gold coin; and it is mutually agreed between the parties hereto, that reasonable notice of the quantities of meat to be furnished at said market house shall be deemed to be a notice from day to day, by said party of the second part, the quantity of each kind needed, which quantity shall not be such as to leave a part of the carcass of any animal slain upon the hands of said parties of the first part.

"And it is mutually agreed that either party hereto failing to comply with the terms of this agreement, shall forfeit to the other the sum of five hundred dollars in United States gold coin, which is hereby considered as liquidated damages, and recoverable in any Court of competent jurisdiction.

"In witness whereof, said parties, with their sureties, have

hereunto set their hands and seals, the day and year aforesaid.

Signed:     .     "LIGHTNER & LIGHTNER, [SEAL.]
                  "JNO. DUNLAP,     .     [SEAL.]
                  "WILLIAM MENZEL,     [SEAL.]
                  "HAMMEL & DENKER,     [SEAL.]"

The sureties demurred separately, because an action for liquidated damages was joined with an action for debt, and because the complaint contained no cause of action against them. The principal, Menzel, also demurred for said alleged misjoinder of actions.

The action was commenced September 9th, 1867, and the demurrers were filed September nineteenth. On the thirteenth of November following the cause was placed on the calendar, and set for trial on the demurrers for the fourteenth. On the fourteenth defendants asked for a continuance on affidavits setting out substantially that they had employed attorneys residing in a county distant from Kern County, who had prepared and filed demurrers, and had informed them that the cause would not be tried until the term of said Court for December, 1867, and that the attorneys would then be in attendance. That the term then being held was an adjourned term of the June term, 1867, and that they could not procure attendance of their attorneys, and were taken by surprise. That one Bridger was a material witness for defendant Menzel, and lived in Los Angeles, and Menzel had seen him several weeks before, when he promised to be in attendance, but that he had not come, and that by reason of the promise and what the attorney told them they had taken no steps to secure the witness' deposition.

The Court denied the motion for a continuance, and on the fifteenth of November overruled the demurrers. On the eighteenth the defendants answered, and the cause was set for trial on the nineteenth. The Court, on the trial, at plaintiff's request, instructed the jury as follows:

" 1st. If the jury believe, from the evidence, that plaintiffs delivered to defendant Menzel the beef, mutton, and pork, mentioned in the complaint, and that the same was delivered at the prices mentioned in the contract, and is of the value of one thousand four hundred and seventy-three dollars and six cents, with interest from September fifth, in United States gold coin, they will find for the plaintiffs that amount in United States gold coin, against all the defendants.

" 2d. If the jury believe, from the evidence, that plaintiffs rented the butcher shop, mentioned in the complaint, to defendant Menzel, at the price of thirty-five dollars, for and during the month of August, 1867, they will find for plaintiffs the further sum of thirty-five dollars, in United States gold coin, against all the defendants.

" 3d. If the jury believe, from the evidence, that the plaintiffs performed the conditions and observed the covenants of the contract, and that defendant Menzel violated the same, they will find for the plaintiffs the further sum of five hundred dollars, in United States gold coin, against all the defendants.

" 4th. That, as a question of law, all the defendants are responsible for the beef, mutton, and pork, sold and delivered under the contract, and for the rent of the butcher shop.

" 5th. That, as a question of law, all the defendants are responsible for any breach of the covenants and conditions of the contract.

" 6th. If the jury believe, from the evidence, that the plaintiffs, or either of them, attempted a violation of the contract, such attempt is no breach thereof.

" 7th. Unless the jury believe, from the evidence, that the plaintiffs, or any of them, violated the conditions of the contract, they, the plaintiffs, are entitled to recover for the penalty of the contract."

To the giving of all of which said instructions the defendant at the time excepted. The defendant then prayed the Court to give the jury the following instruction :

" If, from the facts, the jury find that the Lightners, directly or indirectly, violated their contract before the 6th day of September, 1867, they will find the amount of damages specified in the contract as ' liquidated damages,' in gold coin, for defendant Menzel."

The Court modified the instruction by striking out the words " before the 6th day of September, 1867," and then gave it as modified.   The defendants appealed.

The other facts are stated in the opinion of the Court.

*A. C. Lawrence*, and *W. P. Daingerfield*, for Appellants.

There can be no doubt as to the theory of the Judge in trying this case.   He believed that all the defendants were bound for the money due by Menzel for the meats furnished, and for the rent of the butcher shop.   He also believed that the defendants were bound for the stipulated damages.   So that in his opinion the agreement partook of the mixed nature of a penal bond as to all the covenants about buying the meat and the renting of the butcher shop, in which the plaintiff could recover on a *quantum meruit*, or rather that it was in part a demand which had to be proved; and as to the other part, a demand already liquidated, settled, and fixed. We contend that if it was such a debt as could be recovered on a *quantum meruit*, or if it was a debt payable in money, which could be easily ascertained by proof, and not a liquidated demand, that the only measure of damages for a breach of the contract is the debt due, and legal interest from the breach.   If, on the other hand, it is not such an agreement as that the damage for a breach thereof is easily ascertainable, the sum fixed as stipulated damages is the only measure of damages which can be recovered.   So that in either case the instructions given by the Court were erroneous, and the judgment herein should be reversed.   (Sedgwick on Damages, 442; *Bagley* v. *Peddie*, 5 Sandf. 192.)

Upon the authorities heretofore cited, we claim that the only amount for which the sureties herein could be held liable, is the amount fixed as stipulated damages, for the reason that the probable profits that might inure to defendant Hammel could not be estimated beforehand, nor could the amount of the purchase by Hammel be determined or fixed till after the expiration of one month, and therefore the guaranty of the sureties on neither side extended beyond the sum of five hundred dollars; and that knowing this, Lightner & Lightner trusted William Menzel beyond the penalty at their own risk as to his responsibility.

As to the sureties herein, we contend, therefore, that the damages of five hundred dollars are stipulated damages. (*Chase* v. *Allen*, 13 Gray, Mass., 42; 2 Allen, Mass., 456.) A penalty *eo nomine* in a contract not to trade at a certain place, is to be considered as liquidated damages, if not very unreasonable. (*Duffy* v. *Shockey*, 11 Ind. 70.) Where a party covenants to perform certain acts other than the payment of money, the failure to perform which may occasion damages of uncertain amount, to be estimated by a jury, the parties may agree in advance as to what the damages shall be taken to be. (*Brown* v. *Maulsby*, 17 Ind. 10.) But if the agreement is to pay money, the law fixes the damages at the rate of legal interest. (Id.)

*Quint & Hardy*, for Respondents.

This contract contained all the elements necessary to render it obligatory upon all the parties. The penalty of five hundred dollars was only intended to apply to damages which might be sustained by a refusal of Menzel to comply with its covenants. For the meat delivered and the rent, Menzel was liable, and the sureties with him, and so long as these demands were liquidated the five hundred dollars claim did not come into play. (*Patterson* v. *Williams*, 24 Wend. 246; Sedg. on Damages, 2d ed. 413.) The cases cited by appellant's counsel are not like the one in hand. They apply to

bonds, or a class of cases where there was a simple covenant to do or not to do a particular act.

By the Court, SAWYER, C. J. :

There is no error in denying a continuance, under the circumstances of the case, or in overruling the several demurrers.

There can be no doubt that the sureties of the defendant Menzel are liable upon all the covenants on the part of Menzel contained in the contract—that is to say, they are liable for the meats furnished defendant Menzel, and the rents due under the contract, and also for any breach that might occur in his refusing to take the meats covenanted to be taken. The damages for a breach would be limited to five hundred dollars, but for the meats actually furnished and received under the contract, the parties were liable to pay the contract price. The action is upon the contract to recover the price of meats furnished, and the rent due for one month's occupation, according to the terms of the contract, and also for damages for a breach in refusing to take any more meats. The instructions are based upon the true theory as to the liability of the parties.

The jury could not have been misled by any such inference as is suggested, drawn from the first instruction, for the instruction asked by defendant, given as modified by the Court, in express terms rebutted such inference if any could otherwise have been drawn from it.

There was no error in modifying the instruction asked by defendant. It was, in fact, in some respects, more favorable to the defendant than in the form asked, for it extended the time for a violation by plaintiff to a later period, and gave the jury a wider range within which to find a breach by plaintiff. Besides, there was no exception taken to the modification, or the instruction given, and no question can now be made on it. The sixth instruction might as well have been omitted, but there is nothing erroneous in it. At all

events, it could do no harm when followed, as it was, by the seventh, and the modified instruction of defendant. No liquidated damages were given for a breach of the contract by defendant. This is perfectly clear from the record; for the plaintiff claimed one thousand four hundred seventy-three dollars and six cents for meats delivered under the contract, and thirty-five dollars for one month's rent, making one thousand five hundred eight dollars and six cents, also five hundred dollars liquidated damages for a breach in not receiving more meat. The jury found for the plaintiff one thousand five hundred eight dollars and six cents, the exact amount due for meats and rent. The delivery of the meats, and the accruing of the rents, were not put in issue at all by the pleadings. It is true, the answer in general terms denies the indebtedness, but not the delivery or amount of the meats, nor the contract to pay the rent—it does not deny the allegations of fact constituting the cause of action, but only the legal conclusion resulting from the facts. The plaintiff, so far as this issue is concerned, would have been entitled to judgment for the precise amount of the verdict, upon the pleadings without any evidence. Besides, the plaintiff proved the delivery of the meats to the amount averred, and the rents due, and there is no evidence to the contrary, although the evidence is all in the record. The jury could not have done otherwise than render a verdict for the amount which they did, without reference to the count, for liquidated damages. It is apparent, therefore, that nothing was allowed on the latter count.

The evidence sustains the verdict in other respects also, or rather, the verdict is not contrary to the evidence. There is evidence that the plaintiff sold the butchering pen and apparatus, but none of a satisfactory character, that they sold meats to other parties in violation of their agreement.

We find nothing to justify a reversal of the judgment or order, and both are, accordingly, affirmed.

Mr. Justice Rhodes expressed no opinion.