WALLACE A. PRESTON v. HENRY R. HUNTINGTON, FRANK H. PLATT, AND GEORGE W. PLATT, JR.

*Principal and surety—Lease—Reduction of liability—Joint defendants.*

1. An agreement under seal, indorsed upon the back of a lease at time of its execution, by which the signer becomes surety for the punctual payment of the rent and performance of the covenants mentioned in the lease by the lessees, and, in case of default on their part, agrees to pay and perform for them, makes him a surety for the lessees, and he may be sued *jointly* with them for unpaid rent.

2. A surety cannot complain of the reduction of the rent reserved in a lease, for the payment of which he is liable, though made without his knowledge ; nor will it release him from his obligation any more than if the amount of such reduction had been indorsed as a payment upon the lease.

Error to Berrien. (Smith, J.) Argued July 6, 1887. Decided October 6, 1887.

Assumpsit for rent. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*A. H. Potter* (*Clapp & Bridgman*, of counsel), for appellant.

*E. M. Plimpton* (*Spafford Tryon*, of counsel), for defendant George W. Platt, Jr.

MORSE, J. This suit was brought against the defendants jointly, to recover a certain amount of rent claimed to be due upon a certain written lease executed by and between Ann L. Preston, Wallace A. Preston, and Fowler J. Preston, of the first part, and defendants Henry R. Huntington and Frank H. Platt, of the second part. This lease was under the hands and seals of the parties.

On the same day and year the lease was executed, George W. Platt, Jr., the other defendant, upon the back of the same, under his hand and seal, executed the following instrument:

"In consideration of the letting of the premises in the foregoing instrument described, and for the sum of one dollar to me paid, I do hereby become surety for the punctual payment of the rent and performance of the covenants in said instrument mentioned, to be paid and performed by the second parties therein named; and, if any default shall at any time be made therein,.I do hereby promise and agree to pay unto Wallace A. Preston, one of the parties of the first part named in said instrument, the said rent and arrears thereof that may be due, and fully satisfy the condition of said instrument, and all damages that may occur by reason of the non-fulfillment thereof, without requiring notice or proof of the demand being made.

"Witness my hand and seal this fifth day of January, 1885.

"GEO. W. PLATT, JR. [L. S.]"

The declaration counted upon this last instrument as a part of the lease, and averred a joint promise of all the defendants to pay the rent claimed to be due upon said lease. There was also a count for use and occupation, together with the common counts in assumpsit.

Immediately upon the making of the lease, the defendants Huntington and Frank H. Platt went into possession of the premises under it, and continued in such possession until about June 5, 1885. At that time the rent, by agreement, was reduced $25 per month, after which the same defendants occupied the premises at the reduced rent until the close of the year. George W. Platt, Jr., was not present at the time of the making of this new agreement, was not a party to it, and knew nothing about it.

The main controversy is as to the joint liability of the parties. The court below decided that the three defendants could not be sued together, and directed a verdict in their favor.

It is claimed by plaintiff's counsel that the undertaking of

George W. Platt, Jr., was original and primary, to assure to the lessors the rent agreed upon, and therefore he was a joint debtor for such rent.

The defendant's counsel maintain that he was a mere guarantor, and also that he was discharged by the making of the new agreement.

In the lease the rent was stipulated to be paid to Wallace A. Preston, as it was also in the instrument executed by George W. Platt, Jr. There is no question as to right of plaintiff to sue upon the contract, and recover the rent of the two defendants who signed the lease.

It is plain that the contract of George W. Platt, Jr., is not one of guaranty. He binds himself in terms as a surety, and his undertaking is to pay the rent upon default. If the rent is not paid, he is at once liable. There is no possible contingency where the other defendants become liable to pay rent or damages, but he is also liable, and to the same and full extent that they are. If they pay the rent the day it becomes due, and fully perform the covenants of the lease, there can exist no right of action against them on the part of the lessors. Only upon their default can suit be brought against them, and immediately upon such default George W. Platt's promise is the same as theirs, and his liability to the lessors is the same, and co-extensive with theirs.

I can see no good reason why he cannot be sued jointly with the other two defendants for the rent due upon the lease and upon his contract. And his contract must be considered a part of the lease. It was executed the same day, under seal, and upon the same paper, as the lease, and delivered at the same time. It was in law executed at the same time as the lease. The whole contract—the lease, and his undertaking upon the back of the same—took effect from a single delivery. The same consideration governed the undertaking of the three defendants, and their promise was in legal effect the same,—a joint obligation. See *Stage v. Olds*, 12 Ohio,

158; *Leonard v. Sweetzer*, 16 Id. 1; *Scott v. Swain* (Penn.), 8 Atl. Rep. 24; *McLott v. Savery*, 11 Iowa, 323; *Watson v. Beabout*, 18 Ind. 281; *Smith v. Shelden*, 35 Mich. 42; *Dye v. Mann*, 10 Id. 295.

The reduction of the rent under the new agreement could not affect George W. Platt, Jr. It did not release him from his obligation any more than if the amount of such reduction had been indorsed as a payment upon the lease. No new terms or obligations were imposed by the new agreement. The lessors simply waived their right to $75 a month, as provided in the lease, and agreed to take $50 per month instead. George W. Platt could not complain of this.

Under the facts as shown in the record, the jury should have been instructed to find for the plaintiff the amount of rent unpaid under the first count of his declaration. Of course the plaintiff could claim nothing in this joint suit under his count for use and occupation, as George W. Platt had no enjoyment of the premises, nor do we understand that he made any such claim upon the trial.

The judgment of the court below is reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.