[Decided June 28, 1894.]

## BOWEN *v.* CLARKE.*

[S. C. 37 Pac. 74.]

PRINCIPAL AND SURETY — ORIGINAL UNDERTAKING.— Where two or more persons execute an instrument at the same time, upon the same consideration, and for the same purpose, they are all, in legal effect, joint contractors, so far as concerns their liability to the other contracting party, although one may be designated therein as "surety," and sign as such. That one of the parties may have executed the instrument

*NOTE.— This case was before the supreme court in 1892, on plaintiff's appeal, and was reversed: *Bowen* v. *Clarke*, 22 Or. 566, 29 Am. St. Rep. 265, with note, 30 Pac. 430.— REPORTER.

as surety is only evidence of the position and relationship of the makers among themselves, and does not affect the joint nature of their obligation or the right to sue them jointly for a breach of the contract.

APPEAL from Baker: MORTON D. CLIFFORD, Judge.

This is an action brought by J. P. Bowen against John G. Clarke, John A. Basche, and P. Basche, jointly, to recover a certain amount claimed to be due for rent under the following written lease:—

"This indenture, made this tenth day of June, A. D., one thousand eight hundred and ninety, by and between John P. Bowen of Baker City, Oregon, and John G. Clarke, and John A. Basche, and P. Basche, as surety, all of Baker City, Oregon,—Witnesseth: that in consideration of the covenants herein contained on the part of the party of the second part to be kept and performed by them, the said party of the first part do hereby let, lease, and demise unto the said Clarke and Basche, party of the second part, the following described premises situate, lying, and being in Baker City, Baker County, Oregon, to wit:   All of and the entire building situate on Front Street, together with the fixtures and shelving.   To have and to hold the same to the said lessees for the term of three years ending June first, eighteen hundred and ninety-three, from the first day of June, eighteen hundred and ninety.   *   *   *   And said lessees, for their executors and administrators, do hereby covenant to and with the said lessor, his heirs and assigns, to pay the said rent in monthly payments of one hundred dollars each, the first payment thereof to be made on the tenth day of June, eighteen hundred and ninety, and on the first day of each month thereafter.   *   *   *   In testimony whereof, the said parties have set their hands and seals on the day and year first above written to this

XXV. OR.—38.

and to another instrument of the same tenor and date.

"John P. Bowen,      [l. s.]
"John G. Clarke,     [l. s.]
"John A. Basche,     [l. s.]
"P. Basche,          [l. s.]
                                "Surety."

The complaint alleges, in substance, that on the first day of June, eighteen hundred and ninety, plaintiff rented to the defendants, and the defendants hired of plaintiff, the premises described in the lease for the time, and upon the terms, therein stated; that the defendants immediately went into possession, and that they have failed and neglected to pay the stipulated rent, or any part thereof, since April thirty, eighteen hundred and ninety-one, except the sum of two hundred and forty dollars. The defendant P. Basche alone answered, denying all the allegations of the complaint, and, for a further defense, *inter alia,* alleged that in June, eighteen hundred and ninety-one, the lease was canceled, and the premises surrendered to plaintiff by mutual consent of the parties. The reply put in issue the affirmative allegations of the answer, and upon the issues thus made a trial was had, resulting in a verdict and judgment in favor of the plaintiff, from which the defendant Basche appeals.                              Affirmed.

*Messrs. T. Calvin Hyde, Thos. H. Crawford,* and *F. L. Moore,* for Appellant.

*Mr. William Smith,* for Respondent.

Opinion by Mr. Justice Bean.

The errors assigned arise upon the admission of testimony, and instructions given and refused by the trial court. The principal question presented is whether the

defendant P. Basche can be sued jointly with the other
defendants, the solution of which depends upon whether
his undertaking is original or collateral.   If his contract
is collateral, and one of guaranty only, his liability
and that of his principals is several, and cannot be
enforced by a joint action:   *Tyler* v. *Trustees of Tualatin
Academy*, 14 Or. 485; but if he is a joint contractor with
the other defendants, the action is properly brought.
We understand the rule to be that where two or more
persons execute an instrument at the same time, upon
the same consideration, and for the same purpose, they
are all, in legal effect, joint contractors or obligors, so
far as their liability to the other contracting party is
concerned, although one may be designated therein
as surety, and sign it as such.   That one of the parties
may have executed the instrument as surety, is mere
evidence of the position and relationship of the makers
among themselves, and does not affect the joint nature
of their obligation or the right to sue them jointly
for a breach of the contract.   "The undertaking of a
surety who signs upon the face, or at the end, of a con-
tract, with the principal, although he adds the word
surety to his name," says JOHNSON, J., "is an original,
and not a collateral, undertaking.   It is not a promise to
answer for the debt, default, or miscarriage of another,
but is an undertaking for a direct performance on his
own part.   He becomes a party to the contract, and may
be treated as principal by the creditor, although he is a
surety merely, as between him and the other party with
whom he jointly or severally undertakes.   In such cases
no writing, other than the body of a contract, is neces-
sary; and the statute of frauds has no application.   The
debt is his if the contract is valid ":   *Perkins* v. *Goodman*,
21 Barb. 218.   And, as was remarked by Mr. Justice
REED in *Stage* v. *Olds*, 12 Ohio, 168, "The principle to be

extracted from all the cases is that parties connected with the original execution and delivery of a bond, note, or other written instrument, are, in law, unless it be otherwise clearly expressed, joint makers or obligors." When the undertaking of the surety is not for a direct performance by himself, but only that his principal shall perform, and that he will be bound in case of default, his undertaking is not original, but collateral, and therefore his liability depends upon the terms of his contract, and not upon the character in which he may execute it. Now in this case the lease was executed by all the parties, at the same time, upon the same consideration, and for the same purpose, and the undertaking of the appellant is not made conditional or dependent upon the default of the other defendants, but is an original, unconditional undertaking for a direct performance on his part. It is plain, therefore, within the rule stated, that his contract is not one of guaranty, or an agreement to answer for the debt, default, or miscarriage of another, but that of a joint obligation as to the plaintiff, and, as a consequence, may be declared upon as such: Baylies on Sureties and Guarantors, 393; Brandt on Suretyship, § 31; *Lightner* v. *Menzel*, 35 Cal. 452; *Thomas* v. *Gumaer*, 7 Wend. 44; *Preston* v. *Huntington*, 67 Mich. 139, 34 N. W. 279; *Leonard* v. *Sweetzer*, 16 Ohio, 1; *McLott* v. *Savery*, 11 Iowa, 323; *Watson* v. *Beabout*, 18 Ind. 281; *Scott* v. *Swain*, 8 Atl. 24; *Giltinan* v. *Strong*, 64 Pa. St. 242; *Rose* v. *Madden*, 1 Kan. 445.

Nor is it a matter of any importance that he did not actually occupy the premises. By his contract he binds himself jointly with his codefendants to pay the rent when due, and, if not so paid, he became at once liable, whether he occupied the premises or not: *Preston* v. *Huntington*, 67 Mich. 139, 34 N. W. 279. This is not an action for use and occupation, but for breach of a contract en-

tered into by the defendants jointly. There was, therefore, no variance between the allegations of the complaint and the terms of the lease, and no error in instructing the jury that the defendant P. Basche was a joint contractor or obligor with the other defendants, and liable with them for the payment of the rent as it became due. The other assignments of error, relating to instructions given and refused by the trial court, are without merit. The court adhered substantially to the principles announced in *Bowen* v. *Clarke*, 22 Or. 566, 29 Am. St. Rep. 625, 30 Pac. 430, and hence committed no error. Judgment affirmed.                     AFFIRMED.