[Civ. No. 3229.  Second Appellate District, Division Two.—January 21, 1921.]

## GEORGE H. GILLONS, Respondent, v. TURNER OIL COMPANY (a Corporation), Appellant.

[1] BROKER'S COMMISSIONS—ACTION TO RECOVER—PROCURING CONTRACT FOR DELIVERY OF OIL—PLEADING—CONCLUSION OF LAW—SUFFICIENCY OF COMPLAINT.—In an action to recover commissions for services rendered in the obtaining of a contract between defendant and another oil company, the commissions agreed to be paid being based upon the number of barrels of oil delivered under such contract, an allegation that a given number of barrels of oil were delivered "under the contract" is but the statement of a conclusion and will be stricken out on motion, the complaint being sufficient in that regard if it sets forth the contract between defendant and the other oil company, in full, states the number of barrels of oil that were delivered by such other oil company to defendant, and alleges that statements of the amount delivered, made up pursuant to a scheme provided in the contract, were rendered to defendant and were retained by it.

[2] ID.—ALLEGATION OF INDEBTEDNESS—INSUFFICIENT DENIAL.—Where the complaint in such an action alleges the facts showing an indebtedness due plaintiff from the defendant and, further, that the amount of the indebtedness is due, owing, and unpaid, the denial of the latter allegation, without a traverse of the averments showing the indebtedness, raises no issue.

[3] ID.—FOREIGN CONTENT OF OIL—AGREEMENT OF PARTIES—REJECTION OF ORAL EVIDENCE.—The written contract for the delivery of the oil having bound the defendant to take oil from the other company without limitation or diminution because of the presence in it of a foreign content of any percentage whatever, the trial court did not commit error in sustaining an objection to an offer of evidence intended to prove allegations of defendant's answer and counterclaim to the effect that it was induced to enter into the agreement through the fraudulent misrepresentation of plaintiff that the oil to be delivered did not have a foreign content in excess of a stated percentage of its volume.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller and Earl L. Wisdom for Appellant.

Bordwell & Mathews for Respondent.

WORKS, J.—This is an action for the recovery of commissions for certain sales of oil made by Graham-Loftus Oil Company to the appellant. The appeal is from a judgment for the plaintiff.

The respondent's cause of action is based upon a written contract between him and the appellant, reciting that he had rendered services in the obtaining of a contract between appellant and Graham-Loftus Oil Company; the appellant, in consideration of such services, promising to pay a commission of a certain amount for each barrel of oil delivered under the contract between the two companies.

[1] At the commencement of the trial the appellant objected to the reception of evidence on the ground that the complaint fails to state a cause of action. The objection was overruled, and it is claimed that the ruling was erroneous. This point is based upon the assertion, made in appellant's brief, that plaintiff's pleading contains no allegation that any oil was ever delivered to appellant "under the contract" between the two companies. The appellant evidently means to contend, strange as it may seem, that such an allegation, in terms, is necessary to the complete statement of a cause of action in a case like this. Such a proposition cannot be maintained. It requires no citation of authority to support the assertion that such an allegation would be but the statement of a conclusion, and that it would be stricken on motion. The complaint set forth the contract between the appellant and the other company, in full, and stated that a certain number of barrels of oil was delivered by the Graham-Loftus concern. It was further alleged that statements of the amount delivered, made up pursuant to a scheme provided in the contract, were rendered to appellant and were retained by it. We are at a loss to perceive a better method of pleading plaintiff's cause of action without a violation of the salutary rule against the averment of conclusions. The complaint was, of course, sufficient.

[2]    At the trial the plaintiff rested without the intro-
duction of evidence, upon the theory that the state of the
pleadings warranted that course, and the court determined
that the burden of proof was upon the defendant under
the allegations of its answer and counterclaim. A motion
for a nonsuit was then presented and denied. Appellant
assigns this ruling as error, upon the utterly untenable
ground that the answer raised an issue by means of a
denial contained in it ''that there is now due or owing
to plaintiff by virtue of or under'' the contract sued on
''the sum'' for which judgment was asked in the complaint,
''or that there is due or owing from said defendant to
plaintiff any sum whatsoever.'' The complaint alleged the
facts showing an indebtedness due the respondent from the
appellant, and, further, that the amount of the indebted-
ness was due, owing, and unpaid. A denial of this latter
allegation, without a traverse of the averments showing the
indebtedness, raised no issue. (*Lightner* v. *Menzel,* 35 Cal.
452.)    The motion for a nonsuit was properly denied.

[3]    The remaining contention of the appellant is that
the trial court erred in sustaining an objection to an
offer of evidence intended to prove allegations of the an-
swer and counterclaim to the effect that the appellant was
induced to enter into the agreement with the Graham-Loftus
Oil Company through fraudulent misrepresentation to which
the respondent was a party. The facts constituting the
alleged fraud are set forth in appellant's pleading with
great particularity. Reduced to a brief compass they
amount to a charge that it was represented to appellant,
before the consummation of the agreement between the two
companies, that the oil proposed to be delivered to appel-
lant did not have a foreign content in excess of a certain
stated percentage of its volume. The difficulty is, however,
that when the contract was finally executed it contained
several provisions showing that appellant bound itself to
take oil from the other company without limitation or
diminution because of the presence in it of a foreign con-
tent of any percentage whatever. We need not refer to
these parts of the contract. They are plainly apparent from
a reading of it, and, moreover, they are specifically
mentioned and pointed out in the brief of respondent; and
the appellant does not, in its reply brief, attempt to

harmonize their presence in the contract with its theory of fraudulent misrepresentation in its procurement. The point made by appellant is totally without merit, and its pleading failed to state a defense or counterclaim.

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.