# BROWN AND CO. *v.* RATHBURN, ET AL.

RELINQUISHMENT OF COLLATERAL SECURITY EXONERATES SURETY.—The voluntary relinquishment by a creditor of collateral security of equal or greater value than the amount of his debt, will exonerate a mere accommodation surety from liability upon a promissory note executed by himself and the principal debtors in favor of the creditor as additional security for the payment of such debt.

IDEM.—Such defense is available to the surety in an action at law upon the note by the creditor, or his assignee, with notice of the facts.

APPEAL from Douglas County. The facts are stated in the opinion.

*Herman & Ball*, for appellants.

*William R. Willis*, for respondents.

By the Court, WATSON, J.:

The appellants, as assignees of Ica F. Rice, brought this action against the respondents to recover the amount of a

certain promissory note, executed by the respondents in favor of Rice, in the following form:

"OAKLAND, OREGON, September 25, 1878.

"Two years after date, without grace, we, or either of us, promise to pay to Ica F. Rice, the sum of six hundred dollars, in United States gold coin, value received.

S. V. R. RATHBURN,

THOMAS HANNA,

C. B. HANNA."

The respondents filed a joint answer denying the assignment, and alleging, as a separate defense, the lease of a farm and some live stock by Rice to Rathburn and Thomas Hanna, at a rent of $600, upon the condition that Rice should have and hold possession of all the wool and farm products until the rent should be fully paid. That the note sued on was given as additional security, and that C. B. Hanna signed the same as surety merely, without consideration to himself, and in view of and relying upon the provisions in said lease concerning the security therein stipulated for, and not otherwise. That afterwards on September 3, 1880, Rice having in his possession, at said farm, under the provisions of the lease, 1600 or more bushels of wheat, which had been produced on the farm during the continuance of the lease, joined with Rathburn and Thomas Hanna in selling and delivering all said wheat to the appellants at the agreed price of $62\frac{1}{2}$ cents per bushel, in consideration of the payment of said note by them, and the payment of the balance of the agreed price of said wheat to Rathburn and Thomas Hanna, and that Rice took and received said wheat in full payment of the note and rent, and sold and delivered the same to appellants as aforesaid. That appellants afterwards took said note with full knowledge and understanding of all the foregoing facts.

Appellants filed a general demurrer, which was overruled. They then replied, taking issue with the new matter alleged in the answer. By consent of parties, the issues of fact were submitted to the court upon the pleadings and testimony; and its findings of fact and conclusions of law were afterwards duly reduced to writing and filed pursuant to the statute. The court found the facts substantially as alleged in the separate defense in the respondents' answer, except in relation to Rice's possession and the sale of the wheat to appellants. As to these matters, it found that the amount of wheat sold was 1552 bushels at $62\frac{1}{2}$ cents per bushel. That when appellants were negotiating for the wheat, Rice was present as well as Rathburn and Thomas Hanna; but C. B. Hanna was not, and had no knowledge of the transaction. Rice claimed that he had the right to prevent the sale or removal of the wheat until said note should be paid, and forbid its sale or removal until payment of the note should be made. The appellants then agreed with Rice that they would satisfy the note whenever Rice withdrew his objections and permitted the sale to proceed. Sometime after this the appellants paid Rice $600 and took an assignment of the note.

By the terms of the written agreement executed by Rathburn and Thomas Hanna at the time of the sale, no part of the proceeds was to be applied to the payment of the note in dispute. The court below rendered judgment for all the respondents for their costs. Appellants, being dissatisfied with this decree, appealed, assigning as error the overruling of their demurrer and the rendition of the judgment against them on the facts found by the court. The decision on the demurrer was correct beyond all question. The facts stated in the separate defense in the answer, if true, exonerated all the respondents from liability on the note in the appellants'

hands.    They showed that it had been fully paid and satis-
fied before it came into the possession of the appellants,
and besides being non-negotiable the appellants had actual
knowledge of the facts constituting such payment at the
time they affected to purchase it and take the assignment.
But the findings of fact upon which the judgment was ren-
dered do not support all the allegations in the separate de-
fense.    They do not show a payment of the note as therein
set forth.    They do not establish any defense to the action
in favor of Rathburn and Thomas Hanna, and the judgment
as to them is clearly erroneous, but they do make out a
complete defense for C. B. Hanna, the surety.    (Brandt on
Suretyship and Guaranty, secs. 17, 384 and 386; *Rogers v.
School Trustees*, 46 Ill., 428; *Hubbard* v. *Gusney*, 64 N.
Y., 457.)    The findings in this case show that Rice, the
payee in the note sued upon, while the same was still in his
possession, voluntarily relinquished his right to the posses-
sion of valuable property belonging to the principal debtors,
which he was entitled to hold under the terms of his lease
as security until the note should be paid.

Such property was more than sufficient to satisfy the note,
and his recourse to it to obtain payment of the note was
lost through his own act alone.    The surety thereby became
exonerated from any further liability upon the note in his
hands, and the appellants as his assignees, with notice, oc-
cupied no better position.    It is undoubtedly true that the
surety should have answered separately if he intended to
avail himself of matters which would amount to a defense
for himself alone.    But no objection upon this ground ap-
pears to have been made in the court below when it could
and doubtless would have been obviated by an amendment,
and it cannot be successfully urged here.

Appellants do not claim to have been mislead as to the

real defense which C. B. Hanna, as surety; intended to set up in the answer, and did in fact establish by his proof. And it was not error therefore for the circuit court to find the facts and render the judgment accordingly, without directing an amendment. But as the judgment of the circuit court was in favor of the principal debtors, Rathburn and Thomas Hanna, it was so far erroneous, and must, to that extent, be reversed and modified and a judgment entered against them for the amount due on the note with costs. As to C. B. Hanna, the judgment is affirmed without costs.