# RICHARD FLINT, RESPONDENT, v. A. H. NELSON AND OTHERS, APPELLANTS.[1]

1. PROMISSORY NOTE.—EVIDENCE.—RES GESTÆ.—In an action on a promissory note signed by three makers, where defendants claim that it was delivered by mistake, a conversation between two of the defendants, at the time one of them signed it, in the absence of the plaintiff, and of which he had no knowledge, for the purpose of showing they are not bound to pay the note they made, is not admissible as part of the *res gestæ*.

2. ID.—DELIVERY BY ONE MAKER.—AGENCY.—Where several makers of a note place it in the possession of one of their number, and he delivers it to the payee, he acts as the authorized agent of all the makers; and the payee takes it, if for value, charged with no other equity than that brought to his knowledge.

3. REQUESTS FOR INSTRUCTIONS.—TIME TO PRESENT TO COURT.— Under 2 Comp. Laws 1888, § 3362, it is not error for the court to refuse a request offered if not presented to the court until the charge to the jury has been given.

4. ID.—CHARGE BY COURT.—PRESUMPTION.—When the court refuses to give a charge requested, and the bill of exceptions does not contain the charge given by the court nor any exception thereto, the presumption is that the court correctly charged the jury, and that such charge covered the ground of the instruction requested.

5. ACTION ON NOTE.—COLLATERAL SECURITY.—FAILURE TO PLEAD.— AFFIRMATIVE DEFENSE.—In an action on a promissory note, evidence that plaintiff holds collateral security is inadmissible, when there is nothing in the pleadings intimating that plaintiff holds such collateral, or that defendants will rely on such defense. That such defense was matter to be affirmatively set up in the answer.

(No. 471.   Decided June 21, 1894.   37 P. R. 479.)

---

[1] Appealed to the supreme court of the United States, July 21, 1894.

APPEAL from the District Court of the Fourth Judicial District, Hon; James A. Miner, *Judge.*

Action on a promissory note by Richard Flint against A. H. Nelson, Frank J. Cannon and A. H. Cannon. From a judgment for plaintiff, defendants appeal. *Affirmed.* The opinion states the facts except that the rules of the court of the Fourth Judicial District required a request for instructions to be presented to the court before the charge had been given by the court to the jury.

*Mr. A. R. Heywood* and *Mr. James T. Hammond,* for appellants.

*Messrs. Kimball & Gilbert,* for respondent.

SMITH, J.:

This was an action upon a negotiable promissory note made by defendants to the plaintiff. The answer of defendants denied that plaintiff was the owner of the note; alleged that it was made without any consideration; and also alleged that plaintiff obtained possession of it wrongfully; that the delivery of it was by mistake, which the plaintiff well knew. The evidence as to what occurred at the time of the delivery of the note sued on is squarely conflicting. Plaintiff swears to one state of facts and Frank J. Cannon to another. The jury found for plaintiff, and there is no question made here but that the evidence supports the verdict.

It is admitted that the note sued on was given as a renewal in whole or in part for two other notes given by two of the defendants, the principal of these two old notes being the same as the face of the note in suit. Defendants claim that the new note was to be in full satisfaction of the old notes, both principal and interest; while plaintiff claims it was given as a renewal of the principal only.

Plaintiff did not surrender the old notes, but indorsed the amount of the new note as payment in full of the principal on them.

The main question before us arises upòn the refusal of the court to permit defendants to show certain representations and conversations which occurred between defendants F. J. Cannon and A. H. Cannon at the time the latter signed the note. The plaintiff and defendants Nelson and F. J. Cannon live in Ogden, while defendant A. H. Cannon lives in Salt Lake City. On the date the note was signed it was presented to A. H. Cannon, in Salt Lake City. The plaintiff was not present. A conversation was held between F. J. Cannon and A. H. Cannon, as a result of which A. H. Cannon signed the note. The defendants offered to prove what was said in this conversation, and it was objected to, and the objection sustained. An exception was taken by defendants. The question is, was this ruling excluding the conversation correct ? It is claimed by defendants that this conversation was part of the *res gestœ* of the making of the note, and therefore admissible; and cites the case of *Insurance Co.* v. *Mosely,* 8 Wall. 397, as an authority for its admission. That was a case where the deceased told his wife, just after he was hurt, and on returning to his bed, that he had fallen down stairs, and nearly killed himself. This was held to be admissible in an action against the insurance company. We followed this case in the case of *Linderberg* v. *Mining Co.* (Utah), 33 Pac. 692, but it is clear that the case at bar does not fall within the rule established by either of these cases, nor of any other case that has been called to our attention.

In the case at bar the defendants claim the right to prove a conversation between two of the defendants in the absence of the plaintiff, and of which he had no knowledge, for the purpose of showing that they are not now bound to pay the note they made. Assume the strongest case

that can be conceived, to-wit, that defendants F. J. and A. H. Cannon agreed that they would make the note, and sign it, but that under no circumstances should it be delivered to the payee, and subsequently one of these makers, for a sufficient consideration, does in fact deliver it, without notice of the agreement, can it be claimed, in such a case, that the previous agreement not to deliver the note can be given in evidence to defeat a recovery upon it? The fact is that, when several makers of a note place it in the possession of one of their number, and he delivers it to the payee, he acts as the authorized agent of all of the makers; and the payee takes it, if for value, charged with no other equity than that brought to his knowledge. In other words, he can be in no wise charged with what has transpired between the makers, in his absence, and of which he has no notice. To admit any other rule would be to permit every surety upon a promissory note or other writing to escape liability by proving self-serving statements, made in the absence of the obligee, and of which he had no knowledge. We think all such statements are inadmissible, and the fact that they were made just at the time some one or more of the makers signed the note does not render them competent to alter or vary the plain import of the written obligation. 1 Greenl. Ev. § 275, and cases cited in note.

Defendants also complain that the court refused an instruction asked, to the effect that, "if plaintiff received the note sued on under representations that he would return it the next day, or cancel the old ones, then you must find a verdict for defendants." This request was not handed to the court until after the jury had been instructed, and the court refused it for this reason. We think it but fair to the trial court that requests for instructions should be presented to the court before the charge to the jury is given. Section 3362 of the Compiled

Laws of Utah seems to contemplate this procedure. See, also, *Anderson* v. *Parker*, 6 Cal. 201. But there is another reason why the judgment cannot be reversed for the refusal to give this instruction as requested. It is this: The bill of exceptions does not contain the charge which the court did give to the jury, and such charge nowhere appears in the record before us. It is, of course, to be presumed that the court correctly charged the jury, in the absence of anything to the contrary. Especially is this so where no exception to the charge as given has been taken. We must assume, therefore, that the court correctly charged the jury on the very point covered by defendant's request. Such being the case, the court was under no obligation to repeat the instruction at the request of defendants. *Seattle* v. *Buzby*, 2 Wash. T. 26, 3 Pac. 180; *Brewster* v. *Baxter*, 2 Wash. T. 135, 3 Pac. 844; *People* v. *Cochran*, 61 Cal. 548.

The remaining question presented in the brief and in the oral argument is this: Defendants claim that plaintiff cannot maintain this action, for the reason that it appeared on the trial that he held some collateral security, to-wit, a collateral promissory note; and the contention of defendants is that an action of foreclosure under section 3460, Comp. Laws, is plaintiff's exclusive remedy. We do not feel called upon to decide whether a foreclosure is the plaintiff's appropriate remedy or not, for there is nothing in the pleadings anywhere intimating that plaintiff holds such collateral, or that defendants will rely on such defense. It was new matter, and, if defendants relied on it as a defense, it was their duty to affirmatively set it up in their answer. This they did not do. We do not think they are in a position to complain because the court refused to admit testimony relating to it. The exception argued arose upon such a refusal. This disposes of all questions raised on the appeal. See *Hong Sling* v. *Assur-*

*ance Co.,* 7 Utah, 443, 27 Pac. 171.   The judgment is affirmed, with costs to respondent.

MERRITT, C. J., and BARTCH, J., concur.