STATE BANK OF UTAH, RESPONDENT, *v.* BURTON-GARDNER COMPANY ET AL., APPELLANTS.

PROMISSORY NOTE—CONDITIONAL GUARANTY—EVIDENCE—NOTICE—CONDITIONAL DELIVERY.

1. One or more persons may sign a note as guarantors, and deliver it to the payee, with the agreement that they shall not be bound unless other persons named shall also sign, and, if such other persons do not sign, that those signing shall not be held.

2. On cross-examination an agreement was offered in evidence by the defendants, and excluded because they had not set it up in their answer. Afterwards it was set up in an amended answer, and admitted. *Held*, that its exclusion in the first instance does not constitute reversible error.

3. Where objections to certain questions have been erroneously sustained, and the information called for by the questions has been subsequently given to the jurors, the ruling will not be regarded as reversible error, unless there is a probability that

such erroneous ruling prejudiced the case of the party ruled against.

4. It was not error in the court to instruct the jury that no agreement between the directors with respect to the contract of guaranty, of which plaintiff was not clearly notified, could bind it.

5. It being conceded that the note sued on was signed by the president and secretary of the defendant corporation and the other defendants, and that it had been turned over to plaintiff, it was not error in the court to charge the jury that the law presumes the note was executed and delivered, if in the same charge the jury were told that the plaintiff had the right to waive the guaranty of any director who did not sign the contract; that by accepting the note without the guaranty of some of the directors, the bank did not thereby release those who did sign, unless the jury should find that the plaintiff had actual notice that those signing did so with a condition that all the directors should sign, and, if they did not, none of those signing should be liable.

(No. 731.   Decided March 18, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge.*

Action by State Bank of Utah against the Burton-Gardner Company and others on a promissory note. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Marshall & Royle,* for appellants.

*Barlow Ferguson,* for respondents.

ZANE, C. J.:

This action was instituted on a promissory note bearing date May 4, 1893, given by the defendant the Burton-Gardner Company to the plaintiff for the payment of $12,000, 90 days after its date.   There was a written guar-

anty on it, signed by defendants E. M. Weiler, William
S. Burton, W. C. Burton, and O. H. Hardy. The note
included the sum of $10,000, balance due on a matured
note of defendant corporation, and $2,000 advanced by
the plaintiff to the company. It appears that the plain-
tiff, before extending the time for the payment of the
$10,000 due on the old note, and a credit of $2,000,
required security. The cashier of the bank testified that
the plaintiff told the officers of the defendant company
that satisfactory security was demanded, while the pres-
ident and vice president of the company testified that
the cashier required the guaranty of the directors of the
company. In this respect there was a conflict in the
evidence. It further appears that the note was executed
on the 4th day of March, 1893, by the defendant company,
and that the defendants William S. Burton and E. M.
Weiler at the same time signed the guaranty on the note,
and that they handed it to plaintiff's cashier with the
statement that the other directors would also come in and
sign the guaranty; that W. C. Burton did so; that on the
6th of the same month the cashier informed William S.
Burton that O. H. Hardy, Elias Morris, Henry Din-
woodey, and L. G. Hardy, the other directors, had not
signed the guaranty; that Burton then took the note, and
obtained the signature of O. H. Hardy, and left word at
the offices of the other directors to come to the bank and
sign, and took the note back, and delivered it to plain-
tiff's cashier; that they never did sign it; and two of them
—Dinwoodey and Morris—testified that they never
agreed to, while Weiler and Burton testified they
did. It further appears that on the same day the defend-
ant company was given a credit on the books of the bank
for the $12,000 note, and the old one, on which $10,000
was due, was surrendered up to the defendant company,
and canceled, and those signing made no further effort

to secure the signatures of the other directors, nor did they give any further attention to it until after the note became due. The guarantors alleged as a defense that the delivery of the note to the plaintiff was conditional, and that their guaranty was not to take effect unless the other directors should also sign. Undoubtedly the law is that one or more persons may sign a note or guaranty, and deliver it to the payee with the agreement that they shall not be bound unless other persons named shall sign also; and, if such other persons do not sign, that those signing shall not be held. There are authorities holding that such conditional delivery cannot be made to the payee; that it must be to a third party. But the weight of authority is to the effect that such conditional delivery may be made to the payee. *Burke* v. *Dulaney,* 153 U. S. 228; *Ware* v. *Allen,* 128 U. S. 590; *Pawling* v. *U. S.,* 4 Cranch 219; *Gregg* v. *Groesbeck,* 11 Utah 310.

This case was submitted to the jury, and they must have found upon the issue of conditional delivery against the defendants. We are not prepared to say that their finding was clearly against the weight of evidence before them.

Numerous errors are assigned upon the ruling of the court sustaining objections to questions propounded to witnesses by defendants' counsel. In their original answer the defendants denied the execution and delivery of the note sued on, but did not allege an agreement that the other directors of the defendant company were to execute the guaranty, and that those directors signing were not to be bound unless the others did sign. Under that answer the court ruled out defendants' cross-examination of witnesses tending to prove such agreement. That ruling was excepted to and assigned as error. But the court

afterwards permitted an amended answer to be filed, alleging the agreement, and evidence offered to prove such agreement was admitted. That being so, we do not think the ruling of the court complained of should be regarded as reversible error. During the examination of witnesses by counsel for defendants other objections to questions and answers were sustained, and exceptions were taken, but the witnesses were afterwards permitted to make the statements called for by the interrogatories to which the objections had been sustained. While the rulings upon such objections were, in some instances, erroneous, the information called for having been given to the jury by the witnesses afterwards, we are not disposed to reverse for such erroneous rulings.

The charge of the court contains the following language, which the defendants excepted to, and assign as error: "In this connection, you are further instructed that no agreement between the directors themselves with respect to the contract of guaranty and indorsement, of which plaintiff was not clearly notified, can in any way bind the plaintiff." The objection is to the word "clearly." It is urged that the use of the term "notified," without the additional force which the term "clearly" gave to it, was sufficient; that notice with less certainty or clearness than the above indicated would have been sufficient. It is urged that the portion of the charge quoted with the word "clearly" required more proof that the plaintiff assented to the alleged agreement than the law required. The note being in the possession of the plaintiff with the guaranty on it, the presumption was that the delivery was absolute; that it was not conditional. Proof of the agreement, and that plaintiff was a party to it, was required to be shown by evidence sufficient to lead the jury to believe, as reasonable men, that

plaintiff's officers or agents knew of the agreement, and, assented to it. We are of the opinion that the exception was not well taken.

The defendants also excepted to the following portion of the charge, and assign the giving of it as error: "The court instructs you, first, it is admitted by the evidence that the note sued on was signed by the president and secretary of the defendant the Burton-Gardner Company, duly authorized, and that it was signed by the other defendants, as shown by the note itself, and was turned over to the bank. Under this state of facts the law presumes the note was executed and delivered." This portion of the charge, considered without taking into consideration other parts that explained it, would have been erroneous. But the entire charge must be considered together. The charge also contained the following: "You are further instructed that the plaintiff had the right to waive the condition as to the guaranty of any directors who did not, for any reason, sign the contract and indorse the note; and by accepting the note without the indorsement of certain directors the bank did not thereby release those who did indorse the note and sign the contract of guaranty, unless you find that the plaintiff had actual notice that the defendants who signed the guaranty signed it with the condition precedent to their liability thereon that all the directors should indorse the note and sign the contract of guaranty; and also, in the event of any director not signing, that none of those who signed should be liable." Considering these two paragraphs together, it is not probable that any juror would understand the court intended that it was admitted the note with the guaranty on it was signed and delivered unconditionally. He would understand that it was for the jury to find from the evidence whether the persons who

signed the guaranty and delivered the note did so with an agreement with the plaintiff that, if the other directors did not sign, those signing should not be held; and, if they believed there was such an agreement, the jury should find for such directors signing, unless they believed from the evidence the others did sign the guaranty. While the law applicable to the facts might have been stated with more clearness, we are not disposed to believe that the jury was misled by it. The entire charge, considered together, amounted to a substantial statement of the law applicable to the evidence and the facts. The defendants assign other errors, which we have carefully considered. We find no reversible error in the record. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.