HENRY HARMAN, ADMINISTRATOR, v. G. BENSON HARMAN.

FILED JULY 10, 1901. No. 10,197.

Commissioner's opinion, Department No. 2.

1. **Surety of Decedent Compelled to Pay, May Proceed Against Estate Under Assignment by Substitution.** One who, as surety for a decedent, is compelled to pay a claim while pending against the estate of his principal, may take an assignment of the claim and proceed thereon in the name of the original claimant; or may be substituted and proceed in his own name.

Harman v. Harman.

2. **Time of Payment Immaterial; Appeal Will Lie in Either Event.** It is immaterial whether the surety pays the claim before or after the hearing thereon in probate court; and in either case he may appeal in the name of original claimant.

3. **Evidence.** Evidence found to support the findings of trial court.

ERROR from the district court for Johnson county. Tried below before STULL, J.   *Affirmed.*

*S. P. Davidson,* for plaintiff in error.

*M. B. C. True, contra.*

SEDGWICK, C.

This cause comes here upon petition in error from a judgment of the district court of Johnson county. It was tried there by the court without a jury, upon appeal from the county court upon disallowance of a claim against the estate of George W. Harman, deceased. The claim was upon a promissory note given to one Henry Hahn for $500 and interest, and signed by George W. Harman and his son, G. Benson Harman. After the death of George W. Harman a controversy arose as to which was the principal debtor, the estate claiming that George W. Harman signed as surety for Benson, and Benson claiming that he signed as surety for George W. Harman. The claim was filed by Henry Hahn, the original payee in the note, and, before the hearing in the probate court upon the claim, suit was brought upon the note against Benson and judgment obtained, and a transcript of the judgment filed in Nemaha county, where Benson had land. Benson was attempting to procure a loan upon this land, and when he had done so, the money sufficient to pay the judgment against him on this note was retained. After the hearing in the county court and the claim against the estate disallowed, Benson took an assignment of the claim against the estate from Henry Hahn and paid off the judgment against him on the records in Nemaha county out of the said loan. An appeal was then taken in the name of Hahn to the district court from the disallowance of the claim in this case by the county court. Benson filed his peti-

tion in the case in the district court, in which he set out the foregoing facts, and alleged that he was surety on the note in question and that his father, George W. Harman, was the principal thereon. The district court, upon the trial, found this allegation to be true; and the evidence being sufficient to support this finding, the questions arising upon this record must be determined with reference to the fact that Benson was surety only for his father, who was the principal maker of the note.

The first question is presented by the motion filed in behalf of the estate to strike the petition from the files. This motion was predicated upon the theory that Benson Harman could not avail himself of the appeal taken by Henry Hahn, the original claimant. We think this motion was rightly overruled. Section 45 of the Code provides: "In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action." This applies to the prosecution of a claim against an estate in probate proceedings. In this case, Benson Harman, being surety on the note, was compelled to pay the same, and upon so doing took a written assignment of the claim from the owner of the note in which he was authorized to prosecute the claim in the name and stead of the original claimant; and there is no doubt of his right to do so. When the appeal was afterwards taken to the district court in the name of the original claimant, the court might allow the assignee to be substituted as the claimant in the action. It is true this was not formally done, but the assignee having filed the petition therein in his own name setting up the facts, the order of the court refusing to strike the petition from the files was equivalent to substituting the assignee for the original claimant.

The motion to dismiss the appeal because it had been abandoned by the original claimant may be disposed of upon the same grounds. There was nothing to show any abandonment of the appeal, except that the petition was filed in the name of the assignee instead of the original

claimant, and in that petition the facts were shown justifying such proceeding. The ruling of the court refusing to dismiss the appeal was, therefore, correct.

It is insisted that the judgment of the district court is not sustained by sufficient evidence, and in that connection it is suggested that at the time of the trial of this cause in the county court the then claimant, Henry Hahn, had no sort of claim against the estate; but to this we can not agree. The note on its face appears to be a joint note, but the fact was that the estate was the principal debtor and Benson was liable as surety only. Hahn, therefore, had a valid claim against the estate; the fact that he proceeded also against the surety would not invalidate his claim against the principal. When the surety was compelled to, and did, pay the claim, he succeeded to the rights of the claimant as hereinbefore shown, and he could either proceed in the name of the original claimant or be substituted for him, as he saw fit. He did proceed in the name of the original claimant until the time for filing petition in the district court, and it is immaterial whether he paid the claim before or after the hearing in the probate proceedings. The finding that he was entitled to recover upon this claim is supported by the evidence.

It is insisted that there was a settlement between Benson Harman and the other parties interested in the estate in which it was agreed that Benson Harman should pay this note in consideration of the favorable terms which he obtained in the settlement; but the trial court found otherwise, and we are satisfied that the evidence abundantly supports the finding of the trial court. We do not find any error in the record requiring a reversal of the case.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.