Decided 7 December, 1903.

## GALLOWAY *v.* BARTHOLOMEW.

[ 74 Pac. 467.]

PLEADING—EXECUTION AND DELIVERY OF NOTE.

1. Plaintiff having pleaded the execution and delivery of a promissory note by a general description, defendants denied the allegations of the complaint, and for a further answer set up the same note by copy, alleging that one of the signers wrote "surety" after his name, which plaintiff had erased. This was an admission of the execution and delivey of the note sued on, and it was unnecessary to produce the original.

PROMISSORY NOTE—PRINCIPAL AND SURETY.

2. A signed and delivered note is the obligation of the signers, as to the payee, though one or some of the signatures may have the word "surety" attached. The only effect of such a signature is to adjust the relationship of the signers between themselves.

BURDEN OF PROOF AS TO ALTERATION OF NOTE.

3. An alleged alteration of a promissory note is a matter of defense, the burden of proof of which is on the defendant.

From Morrow: W. R. ELLIS, Judge.

This is an action by J. J. Galloway against A. G. Bartholomew and J. T. Hoskins to recover on a promissory note. The complaint alleges that on the 5th day of July,

1895, the defendants executed and delivered to the plaintiff their promissory note for the sum of $331.14, due two years from date, with interest at the rate of ten per cent per annum; that there is now due thereon from the defendants to the plaintiff the sum of $331.14, with interest at the rate of ten per cent per annum from the 5th day of July, 1895, no part of which has been paid. The defendants answered separately, but their answers are substantially the same. They each deny the making and delivery of the promissory note as alleged in the complaint, or at all, except as in their answers afterward alleged. For an affirmative defense they plead, in substance, that on the 5th day of July, 1895, the defendant Bartholomew executed and delivered to plaintiff a promissory note signed by Hoskins as surety, a copy of the note being set out in full. It is for the amount and upon the terms alleged in the complaint, and runs "two years after date, without grace, for value received, I promise to pay to the order of J. J. Galloway," etc., and is signed by Bartholomew and Hoskins with the word "surety" written after Hoskins' name. It is then alleged that the plaintiff, after the delivery of the note, and without the knowledge or consent of the defendants, or either of them, did thereafter "scratch off and erase from the said note the word surety, and thereby the relation of" the defendant Hoskins "was changed from surety to maker on said note, and thereby said note became immediately void and uncollectible from these defendants, or either of them." Replies were filed denying the affirmative allegations of the answers, but admitting that the copy set out by the defendants is a true and correct copy of the note sued upon, except that the word "surety" did not appear at any place or in any part of the original note. Upon the trial the plaintiff, as a witness in his own behalf, testified, over the objection and exception of the defendants, that he had a note against the defendants of the date

and for the amount stated in the complaint, no part of which had been paid, and that there was now due thereon the entire principal and interest. He then rested his cause without producing or offering in evidence the original note. The defendants moved for a nonsuit on the ground that the plaintiff had failed to prove a cause sufficient to be submitted to a jury. This motion was overruled and a verdict and judgment rendered in favor of the plaintiff. Both defendants appeal.                                AFFIRMED.

For appellants there was a brief over the name of *G. W. Phelps.*

For respondent there was a brief over the name of *G. W. Rea.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. Oral evidence of the contents of a writing, such as a promissory note, is not competent without first showing a legal excuse for not producing the original: *Maxwell* v. *Bolles*, 28 Or. 1 (41 Pac. 661). This rule was violated on the trial, but the error was harmless, as the evidence was immaterial. Neither the execution nor the contents of the note sued upon was in issue. It is true defendants denied its execution and delivery, except as alleged in their answers, but they afterwards affirmatively averred the execution and delivery by them to the plaintiff of a joint and several promissory note, of the date, for the amount, and containing the terms alleged in the complaint.

2. The fact, if it is a fact, that the word "surety" was written after the name of one of the makers did not render them any the less joint and several obligors, so far as their liability to the plaintiff is concerned: *Bowen* v. *Clarke*, 25 Or. 592 (37 Pac. 74; *Williams* v. *Island City M. Co.* 25 Or. 573, 591 (37 Pac. 49). It would only show that as between themselves one was principal and the other surety, and

would perhaps charge the payee or holder with knowledge of that fact, but it would not affect their liability to the payee. The cause of action in favor of the plaintiff was therefore admitted by the defendants, and the plaintiff was not required to produce evidence on the trial in support thereof. The error in admitting the parol evidence was therefore harmless, and the motion for nonsuit was properly overruled.

3. The alleged alteration of the note was a matter of defense, and the burden of proof was upon the defendants.

AFFIRMED.

Decided 7 December, 1903.