Argued 10 October, decided 18 December, 1906.

**WHITE *v.* SAVAGE.**

87 Pac. 1040.

BILLS AND NOTES—ACCOMMODATION PARTY—NOTICE—STATUTES.

1. Under the express provisions of Section 4431, B. & C. Comp., the holder of a note for value is entitled to recover thereon against an accommodation party, though the holder had notice at the time he took the note that the person sought to be charged was only an accommodation party.

PRINCIPAL AND SURETY—FAILURE TO PURSUE PRINCIPAL DEBTOR.

2. Failure of a creditor to proceed against the principal debtor on the request of the surety does not release the surety from liability.

INJUNCTION—ADEQUATE REMEDY AT LAW.

3. Where a husband signed certain notes for the accommodation of his wife, who thereafter died, leaving an estate sufficient to pay them, the husband is not entitled to an injunction restraining the holder from pursuing him, instead of filing the notes as a claim against the wife's estate; the husband having an adequate remedy at law by himself paying the notes to the holder and filing them against the wife's estate.

From Marion: WILLIAM GALLOWAY, Judge.

Suit for an injunction by M. M. White against Lewis Savage and others, resulting in a decree for plaintiff, from which the defendants appeal.                                            REVERSED.

Statement by MR. JUSTICE HAILEY.

This is a suit to restrain defendant Savage from prosecuting two actions against the plaintiff upon promissory notes, signed by plaintiff and his wife, since deceased, and to compel the defendant Savage to present his notes to the executors of the will of plaintiff's wife for allowance, and for said executors to allow and pay them out of the estate. The amended complaint alleges in substance, that the defendant Savage is the father of the defendant Zella Fletcher, and H. C. Fletcher is her husband; that Carolina E. Sloper White, wife of the plaintiff, died about August 18, 1904, in Marion County, Oregon, and by her last will appointed the defendants H. C. and Zella Fletcher executor and executrix, respectively, of her will, which was thereafter admitted to probate and said executor and executrix duly appointed and qualified thereunder; that defendants George Sloper and Lottie Young are the only children and sole heirs at law of the plaintiff's wife; that plaintiff and said Carolina E. Sloper White were married about the month of August, 1901, and were husband and wife at the time of her death; that the plaintiff is also

named as a legatee and devisee in her will, but has renounced his claim to the provisions of said will, and claims a life estate in all her lands as tenant by curtesy; that for several years preceding her death his wife was an invalid and required great care and attention in nursing, and they were without any considerable means to pay for such expenses, and his wife applied to the defendant Savage for a loan, and Savage from time to time did advance and lend her divers small sums of money, which were wholly used in defraying expenses of nursing and caring for her, and that from time to time, as the sums loaned amounted to the sum of $100, plaintiff's wife executed notes to Savage as an evidence of said indebtedness on her part, and plaintiff signed the notes with her, but only as surety; that on August 22, 1904, after her death, Savage commenced an action in the circuit court of Marion County against the plaintiff on two of said notes for $100 each, and thereafter, on September 6, 1904, commenced another action in the same court against the plaintiff upon the remaining two of said $100 notes, and in each of said actions caused a writ of attachment to be issued, and by virtue thereof attached the plaintiff's estate by curtesy in the lands of his deceased wife, and that Savage has not presented said claims to the executors for allowance, and wrongfully fails to present the same, for the purpose of defrauding plaintiff out of his life estate in the lands of his wife; that all the moneys paid by Savage as a consideration for the execution of the four notes, and also a note for $300, dated January 21, 1903, due six months after date, in favor of Savage, and signed by the plaintiff and his wife, and secured by a mortgage upon lands owned by her in Salem, Oregon, were received wholly by the plaintiff's wife and expended for her care and nursing and medical attendance upon her, and that the plaintiff received no part of the consideration for said notes, and is only a surety upon said notes, and the same is well known to the defendant Savage.

It is further alleged that shortly after the death of plaintiff's wife the defendant Savage offered to pay him $100 for a deed of conveyance to him of plaintiff's estate and interest in the lands owned by his wife at the time of her death, but the sum was

wholly inadequate, and plaintiff declined to execute such deed, and thereupon Savage commenced the action above referred to, and now the five defendants are engaged in an effort to despoil the plaintiff and obtain his interest in his wife's lands by selling the same upon execution upon the judgments to be obtained in said actions; that said actions have been commenced solely for that purpose, and the plaintiff, aside from his estate in said lands, is wholly insolvent, and that Savage knew when he brought his actions that the debt could be satisfied and the judgment obtained by him only out of the life estate of plaintiff, and he also knew that the estate of plaintiff's wife was well able to pay the same, and that it would pay it upon presentation; that prior to the commencement of this suit plaintiff duly presented his claim and demand to the executor and executrix of said estate, setting forth, among other things, the fact that he was only surety upon said notes, and demanding that said executor and executrix indemnify and save him harmless of and from the amounts due upon said notes, but they have failed and neglected so to indemnify and save him harmless, notwithstanding the fact that the estate of plaintiff's wife is able to pay the same after the payment of all the prior claims against said estate; that plaintiff has no plain, speedy or adequate remedy at law, and that the plaintiff has offered to defendant Savage payment in full upon all said notes and mortgage, and requested Savage to assign same to plaintiff, but defendant has refused to do so for the reason that, if he did so, his prospects of acquiring title to said property from the said several actions would be entirely swept away, and that being his only reason for bringing said actions at this time; and that, unless defendant Savage is so restrained, he will recover judgment and sell plaintiff's estate and thereby cause him irreparable damage. Plaintiff then prays for a decree restraining defendant Savage from further prosecuting his actions, and declaring plaintiff to be a surety only upon said notes, and that Savage be required to present his notes to the excutors of the estate of plaintiff's wife immediately, and that said executors be required to pay all of said notes out of the assets of said estate and indemnify and save the plaintiff harm-

less from all liability for all said notes and exonerate him as surety thereon. The foregoing is the substance of the complaint and substantially the language of the pleader. To this complaint a demurrer was filed on the grounds that the court had no jurisdiction of the subject-matter and that it did not state facts sufficient to constitute a cause of suit, which demurrer was overruled and answers filed, and, after trial, a decree was rendered in favor of the plaintiff, from which this appeal was taken.                                    REVERSED.

For appellants there was a brief over the names of *John W. Reynolds* and *B. F. Bonham,* with oral arguments by *Mr. Reynolds* and *Mr. Carey F. Martin.*

For respondent there was a brief over the names of *Carson & Cannon* and *Richardson & Richardson,* with oral arguments by *Mr. John A. Carson* and *Mr. Samuel T. Richardson.*

MR. JUSTICE HAILEY delivered the opinion of the court.

1. The facts alleged in the foregoing complaint are evidently intended to state a cause of suit to compel the creditor Savage to proceed against the estate of plaintiff's wife as principal upon the notes in controversy, for payment therefor, before coming against the plaintiff as surety thereon. This is not a case where the plaintiff as surety claims to have been discharged in full or *pro tanto* by some act of the creditor detrimental to his rights as surety, as are the cases of *Brown* v. *Rathburn,* 10 Or. 158, and *Hoffman* v. *Habighorst,* 38 Or. 261 (63 Pac. 610). It is claimed that, the plaintiff being surety only upon the notes signed by himself and wife, and defendant Savage being aware of that fact, he cannot compel plaintiff to pay without first exhausting his remedies against the principal or her representatives. Section 4431, B. & C. Comp., provides as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or endorser, without receiving value therefor, and with the purpose of lending his name to some other person. Such a person is liable on the instrument to the holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Under this section it is clear that, so far as a holder for value is concerned, the question of notice does not affect the liability of the surety, and the complaint in this case shows that Savage is a holder for value; for it expressly alleges that he advanced and loaned to the plaintiff's wife money for which the notes were given.

2. It has been held by this court in *Findley* v. *Hill,* 8 Or. 248 (34 Am. Rep. 578), that the failure of the creditor to proceed against the principal debtor upon the request of the surety does not release the surety from liability; and in *Rockwell* v. *Portland Sav. Bank,* 39 Or. 241, 244 (64 Pac. 389), it is said: "In such case the surety may protect himself by paying the debt and being subrogated to the rights of the creditor." In *Bowen* v. *Clarke,* 25 Or. 592, 595 (37 Pac. 75), Mr. Justice BEAN said: "We understand the rule to be that where two or more persons execute an instrument at the same time, upon the same consideration, and for the same purpose, they are all, in legal effect, joint contractors or obligors, so far as their liability to the other contracting party is concerned, although one may be designated thereon as surety, and sign it as such." And in *Galloway* v. *Bartholomew,* 44 Or. 75, 77 (74 Pac. 467), it was held that the word "surety," written after the name of one of the makers of a note, would only show the relation of the makers to each other, and perhaps charge the holder with knowledge to that effect, but it would not affect their liability to him.

3. In *Harman* v. *Harman,* 62 Neb. 452 (87 N. W. 177), it is held that a surety of a decedent who pays a claim against the estate of his principal is subrogated to the rights of the creditor. The rule is well established in this state that a surety who pays the debt of his principal is subrogated to the rights of the creditor: *Keel* v. *Levy,* 19 Or. 450-454 (24 Pac. 253); *Denny* v. *Seeley,* 34 Or. 364-369, 370 (55 Pac. 976); *Hoffman* v. *Habighorst,* 38 Or. 261-271 (63 Pac. 610). In *Scantlin* v. *Kemp,* 34 Tex. 338, a note was given to the plaintiff Scantlin, signed by defendants Kemp and another as surety, and by Slane, the principal maker, who died, and after an administrator had been appointed the holder sued the sureties, who answered and proved

upon trial that Slane was the principal and received the entire consideration of the note, and they were sureties only, and that Slane left a solvent estate and they had notified the holder to take the proper steps to collect his claim from the estate, and a judgment was thereupon entered in favor of the sureties, but the case was appealed and the supreme court in deciding it held that on the death of the principal the sureties became primarily liable for the note, and that it was unnecessary to present the note to the administrator for allowance: *Willis* v. *Chowning,* 90 Tex. 621 (40 S. W. 395, 59 Am. St. Rep. 842); *Vredenburgh* v. *Snyder,* 6 Iowa, 39; *Ray* v. *Brenner,* 12 Kan. 105.

In the case at bar, however, it is not alleged or claimed that the plaintiff requested the defendant Savage to present his claim to the executors of his wife's will for allowance, but that plaintiff presented his claim to the executors and requested them to protect him. We think, however, that he should have paid the notes to Savage and then presented his claims to the executor and executrix of his wife's estate, and that he could have fully protected himself by so doing. Having, therefore, a complete remedy at law whereby he could protect his rights, the court had no jurisdiction of this case, and the demurrer should have been sustained.

The decree is therefore reversed, and the case remanded for further procedings not inconsistent with this opinion.

<div align="right">REVERSED.</div>

<div align="center">Decided 18 December, 1906.