BENJAMIN F. WILBOUR vs. ISABELLE P. HAWKINS et al.

JULY 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) Bills and Notes. Accommodation Maker. Holder for Value.

Plaintiff supplied groceries which he charged to the wife, although she disputed his right to do so. Subsequently the husband and wife executed a joint note in payment and plaintiff receipted the bill.

Held, that plaintiff being in possession of the note was the "holder" under Gen. Laws, cap. 200, § 1, providing that "holder" means the payee or indorsee of a bill or note who is in possession of it or the bearer thereof" and the note being given for a debt due plaintiff and his receipt of the account amounting to the cancellation of a preëxisting debt, he was also a holder for value under Section 31 of said chapter, providing that value "is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value," and therefore plaintiff being a holder for value it was immaterial whether the wife was considered as an accommodation maker, for under Section 35 of said chapter "an accommodation party . . . is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

ASSUMPSIT. Heard on exceptions of. defendant and overruled.

VINCENT, J. This is a suit on a promissory note originally brought in the district court of the fourth judicial district by Benjamin F. Wilbour against Clarence M. Hawkins and Isabelle P. Hawkins, his wife. After a decision in the district court in favor of the plaintiff the defendants claimed a jury trial. The case was then tried in the Superior Court for the county of Kent and at the conclusion of the testimony the court, on motion, directed a verdict for the plaintiff. The defendants excepted to the direction of a verdict and upon that exception the case is now before us. The plaintiff is a retail grocer. In the course of his business he delivered groceries from time to time at the house of the defendants, as ordered by the wife, Isabelle P. Hawkins, but the defendants claimed at the trial that the liability for payment therefor rested solely upon the husband, Clarence M. Haw-

kins, which liability he admitted. The plaintiff claimed that prior to the delivery of the groceries in question Mrs. Hawkins had entered into a contract or agreement with him to pay for the same herself.

It was agreed between the parties that the groceries were delivered by the plaintiff to the Hawkins house and that on or about December 18, 1912, there was owing to the plaintiff therefor the sum of $372.77, and that at that time the defendants executed a note to the plaintiff for that amount, whereupon the plaintiff receipted the bill for groceries as "paid in full by note."

Prior to the trial it was stipulated by the defendants' counsel that, "The only question in the case is the question of consideration. If consideration for note is proved against one or the other or both defendants, then recovery should be for the face of the note with interest according to proof. It will be admitted that goods to the amount of the note were delivered to one or the other of defendants and not paid for" and at the trial counsel further admitted the liability of Clarence M. Hawkins on the note, but denied the liability of Isabelle P. Hawkins.

The note in question is in words and figures as follows:

"$372 $\frac{77}{100}$.                               DECEMBER 18, 1912.

One year after date I promise to pay to the order of Benjamin F. Wilbour three hundred seventy-two $\frac{77}{100}$ dollars Value received.

MRS. ISABELLE P. HAWKINS,
CLARENCE M. HAWKINS."

The defendants present but one question for our determination and that is, was there any consideration for the note so far as Isabelle P. Hawkins was concerned? The defendants claim that the court below erred in not submitting this question to the jury.

It appeared to be undisputed that some time prior to the beginning of the present account plaintiff had charged the groceries delivered to the Hawkins family to Mrs. Hawkins

and had continued to do so down to the time of the note for $372.77, which is the subject of this suit. The plaintiff testifies that the account was changed from the name of Clarence M. Hawkins to that of Isabelle P. Hawkins after an understanding with Mrs. Hawkins to that effect. Mrs. Hawkins denied that it was ever understood that groceries should be charged to her, but she admits that she became aware that they were being so charged from the sale slips which accompanied the deliveries. She admits that she made no protest to the plaintiff directly, either verbally or in writing, prior to the date of the note, although she claims to have requested the driver of the delivery team upon one or more occasions to inquire of the plaintiff why the goods were charged to her. To this inquiry she says she received no answer and the plaintiff testifies that no such message reached him. It is to be noted in this connection that Mrs. Hawkins also admits that bills for groceries were rendered to her prior to the account now sued upon and were paid without any question, although she now states that she did not in fact furnish the money to pay them.

In this situation and under these conditions the plaintiff presented to the defendants a note covering the amount of his claim, requesting them to sign the same, which they did.

(1) The defendants now claim that Isabelle P. Hawkins was an accommodation maker, so far as the plaintiff was concerned, and that inasmuch as the note was never negotiated or passed to a third party for value, her relation to the plaintiff continued to be that of an accommodation maker and that she had the right to have the question submitted to a jury as to whether or not there was any consideration for the note so far as she was concerned.

With this contention of the defendants we cannot agree. The defendants are jointly and severally liable upon the note under the provisions of the Negotiable Instruments Act—General Laws, Chap. 200. The plaintiff is the payee of the note and the note is in his possession. He is therefore the holder of the note under Section 1 of the act referred

to which says that "'Holder' means the payee or indorsee of .a bill or note, who is in possession of it, or the bearer thereof."

We think also that the plaintiff is a holder for value. Value according to the statute, Section 31, Chapter 200, "is any consideration sufficient to support a simple contract. An antecedent or preëxisting debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." The note was given for a debt due to the plaintiff and in consideration thereof he receipted the grocery bill, which amounted to the cancellation of an .antecedent or preëxisting debt. The plaintiff being a holder for value it is immaterial whether the defendant, Isabelle P. Hawkins, be considered as an accommodation party or otherwise for the statute says, Chapter 200, § 35, that "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwith-.standing such holder at the time of taking the instrument knew him to be only an accommodation party."

In the case of *White* v. *Savage*, 48 Ore. 604, where the ;same question arose under the same statute, the court held that the defendant was liable.

We think that the direction of a verdict was fully warranted. The defendant's exception is overruled and the case is remitted to the Superior Court with direction to .enter judgment on the verdict.

*Claude R. Branch, Edwards & Angell*, for plaintiff.
*Washington R. Prescott*, for defendant.