FARMERS' & STOCKGROWERS' BANK v. PAHVANT VALLEY LAND CO. et al.

No. 2978. Decided May 8, 1917. (165 Pac., 462.)

1. BILLS AND NOTES—CONDITIONAL INDORSEMENT—VALIDITY. Indorsement of a note before delivery to payee may be conditional.[1] (Page 41.)

2. BILLS AND NOTES—CONDITIONAL INDORSEMENT—VALIDITY. Where the indorsement of a note before delivery is conditional, such conditions, to be binding upon the payee, must be accepted by him, made with notice to him, or acknowledged on his part before or accompanying delivery (Page 41.)

3. BILLS AND NOTES—DEFENSES—CONDITIONAL INDORSEMENT—PLEADING AND PROOF. Where a conditional indorsement is relied on as a defense, the fact that the conditions were accepted by or made with notice to or acknowledged on the part of the payee before or accompanying delivery must be pleaded and proved with common certainty.[2] (Page 41.)

4. ALTERATION OF INSTRUMENTS—PLEADING—ANSWER—SUFFICIENCY. In an action on a note, allegations of the defendant guarantors in their answer that they had signed the note in blank, and that the note had subsequently been altered by means of a stamp by the words, ''Notice and protest waived, and for value received payment of the within note guaranteed by,'' and that such stamp was placed upon the note fraudulently subsequent to the signing without knowledge of such defendants, did not sufficiently state such defense, since it is not alleged when or by whom the alleged wrongful stamping is done, and, in view of the fact that plaintiff specificially alleged interest payments by the defendants since the maturity of the note,

---

[1] *State Bank of Utah* v. *Burton-Gardner Co.*, 14 Utah, 420, 48 Pac. 402.

[2] *Flint* v. *Nelson and Others*, 10 Utah, 261, 37 Pac. 479; *State Bank of Utah* v. *Burton-Gardner Co.*, 14 Utah, 420, 48 Pac. 402.

it was material for the defendants to allege in their answer that the alteration complained of was made not only without defendants' consent or knowledge, but with privity or knowledge on the part of the plaintiff before delivery, and that defendants had not since ratified the alteration. (Page 42.)

5.  ALTERATION OF INSTRUMENTS—EVIDENCE—PRESUMPTIONS.  Where a stamping complained of by defendants as an alteration of a note set forth in plaintiff's complaint appears to be regular on its face, without erasures, interlineations, or improper action indicating that it was not fully authorized, the presumption is that the stamping was properly made on the note before the delivery to the plaintiff. (Page 43.)

6.  ALTERATION OF INSTRUMENTS—RATIFICATION—ACTUAL KNOWL-EDGE.  Although a party must have actual knowledge of the altera-tion of a note before payment to constitute a ratification thereof, where payment is pleaded in the complaint and admitted in the answer without alleging that it was made without defendant's knowl-edge or consent, ratification is sufficiently implied. (Page 43.)

7.  ALTERATION OF INSTRUMENTS—PLEADING—STATUTE.  The general rule of pleading alteration of a written instrument under the Code requires that, where the instrument is declared upon in its altered form, the answer should be in the form of a general denial of all the material allegations of the complaint, or a specific denial of the execu-tion of the instruments sued on, or a specific statement of the facts relied upon a defense. (Page 44.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by the Farmers' & Stockgrowers' Bank against the Pahvant Valley Land Company and others and Charles A. Welch and others.

From a judgment for plaintiff upon the pleadings, defen-dants Charles A. Welch and others appeal.

AFFIRMED.

*Evans, Evans & Folland, Walton & Walton* and *P. H. Neeley* for appellants.

*Stewart, Bowman, Morris & Callister* for respondents.

APPELLANTS' POINTS·

"It is sufficient to prevent a judgment on the pleadings if the answer presented a single material issue. (25 Cyc. 769;

11 Ency. Pl. & Pr. 1032-1033; *Widmer* v. *Martin*, 87 Cal. 88, 25 Pac. 264; *Martin* v. *Porter*, 84 Cal. 476, 24 Pac. 109; *Botto* v. *Vandament*, 67 Cal. 332, 7 Pac. 763; *Willis* v. *Holmes*, 28 Ore. 265, 42 Pac. 989)." *Town of Mapleton* v. *Kelly*, 39 Utah 252, 254.

.Section 2986, C. L. Utah, 1907, provides that: "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

In the case of *Hancock* v. *Luke*, 46 Utah, 26, 148, Pac. 453, 455, this statute was construed to mean that:

"Where it is clear, * * , that a denial of particular allegations of the complaint was intended, the mere form of such denial is not always conclusive."

The court also says, (opinion page 455) :

"Motions for judgment on the pleadings are not favored by the courts, and upon such a motion the pleadings will be construed with great liberality in favor of the party whose pleadings are assailed. *Bowles* v. *Doble*, 11 Or. 480; *Currie* v. *So. Pac. Co.*, 23 Or. 400, 31 Pac. 963; *James River, etc., Bank* v. *Purchase*, 9 N. D. 280, 83 N. W. 7; *Giles, etc., Co.* v. *Recamier Mfg. Co.*, 15 N. Y. St. Rep. 354."

Our Statute (C. L. Utah, 1907, Sec. 1616, sub. 1) provides that where a person, not otherwise a party to an instrument payable to the order of a third person, places thereon his signature in blank before delivery, he is liable *as indorser* to the payee and to all subsequent parties. That the contract of indorsement is very different from that of guaranty will scarcely be controverted. On that point the authorities are in perfect accord. *Belden* v. *Hann*, (Iowa) 15 N. W. 591; *Harnett* v. *Holdredge, et al.*, (Neb.) 97 N. W. 443; *Farmer* v. *Rand*, 14 Me. 225. The placing of the words, "Notice and protest waived" over the name of an indorser in blank of a promissory note, converts his contingent liability into an absolute one. *(Davis* v. *Eppler* (Kan.) 16 Pac. 793; *Schwartz et al.* v. *Wilmer* (Md.) 44 Atl. 1059.)

RESPONDENTS' POINTS

The note on its face is *payable at the Farmers' & Stock-growers' Bank and the Farmers' & Stockgrowers' Bank is the .payee.* Section 1639 of the present negotiable instrument act under such circumstances makes the note itself equivalent to a check or an order on the bank to pay. No further demand or presentment is required. Even without the aid of our negotiable instrument act no demand and presentment is required where the note is made payable at the bank and is owned by the bank. (Daniels on Negotiable Instruments, 6th Ed., Vol. 1, Sec. 637, also Sec. 657.) Presentment and demand are not necessary where the notes are owned by the bank and by their terms are payable there. *(Havlin v. Continental Nat. Bank,* 161 S. W. 741, 743; *Bank of U. S. v. Smith,* 11 Wheat [U. S.] 171; *Berkshire Bank v. Jones,* 6 Mass. 523; *Central Bank v. Stoddard,* 76 Atl. 472.) Of course the *fact* as to whether the defendants received notice of non-payment was a fact within their own knowledge and could not be denied *on information and belief.* If they did not receive notice, they knew this fact and knew it at all times. *(Gridler v. Farmers and Drovers Bank,* 75 Ky. 333; *Davis v. Miller,* 55 N. W. 89; *Glidden v. Chamberlain,* 46 N. E. 103.) Notice of dishonor to the indorsers was not in any sense material. For the in-dorsers admit they paid five installments upon the note six months after it became due, at a time when they are presumed to have known it had not been paid. Their conduct in so doing was an implied waiver of laches and failure to give notice. The waiver is as effective as though they had written *"Notice and protest waived."* (Daniel on Negotiable Instruments, 6th Ed., Vol. 2, Secs. 1165 and 1166; *Knapp v. Runals,* 37 Wis. 135; *Whitaker v. Morrison,* 1 Fla. 29; *Sigourney v. Wetherell,* 6 Met. 555; *Sherer v. Easton Bank,* 33 Pa. 134; *Amor v. Stoeckle et al.,* 78 Me. 1046; 7 Cyc. 1133; 3 L. R. A. [N. S.] 1079, note.) There is no allegation that these payments were made at a time when the defendants were ignorant that they had not been served with notice of dis-honor. Indeed, they could not well say so. *It was a matter of personal knowledge.* They knew and must have shown six

months after the note became due whether or not they had been notified. And were the rule otherwise, *the unqualified admission that they made payments implies that they made these payments with knowledge of the fact.* If they were ignorant at the time they made the payments that proper steps had been taken to hold them they should have so pleaded, for the admission *casts upon them the burden of showing* their ignorance. *(Loose* v. *Loose,* 36 Pa. 538; *Oxnard* v. *Carnum,* 111 Pa. 193.)

CORFMAN, J.

This was an action brought in the district court of Salt Lake County by the plaintiff on a promissory note against the defendant Pahvant Valley Land Company, a corporation, as maker, and the nineteen other defendants, as guarantors thereof. The complaint is in the usual form, alleging: Execution of the note on the part of the defendant Pahvant Valley Land Company, as maker, and the indorsement thereof by the other defendants guaranteeing payment and waiving notice and protest; that demand was made at maturity upon Pahvant Valley Land Company and the other defendants; that the note has not been paid, except the interest in part; that the plaintiff is the owner and holder of the note; that the note provides for reasonable attorney's fees; and that $1,000 is a reasonable fee to be paid in the suit. Judgment is prayed for $10,000, the principal sum, $761.89, interest, $1,000, attorney's fees, and costs. A copy of the note with indorsements is attached to and made a part of the complaint.

The answer of the defendants here appealing was as follows:

"(1)  That prior to the execution and delivery of the said note plaintiff held three certain instruments purporting to be promissory notes executed by the defendant Pahvant Valley Land Company, representing an alleged indebtedness in a sum less than $10,000, and that the plaintiff, for the purpose of enhancing the value to it of the said alleged indebtedness, agreed to advance to the said defendant Pahvant Valley Land Company an additional sum, which, together with the original sum, should amount to $10,000, upon condition that the

Farmers' & Stockgrowers' Bank v. Pahvant Valley Land Co., 50 Utah 35

$10,000 note should receive the indorsements of certain persons among whom were these defendants; that in pursuance thereof, and without any consideration whatever moving to these defendants, they and each of them were induced to, and did, write their names on the back of said note before its delivery to the plaintiff, and that the plaintiff, through its officers and agents, by representations and persuasions induced these defendants to become indorsers on said notes; that at the time of the indorsement of said note by these defendants, as aforesaid, it was represented to each of them that the signatures of certain parties other than those who actually did indorse, to the total number of approximately thirty, would be obtained in the same manner as were the signatures of these defendants, and on condition that all such other indorsements should be obtained, and with that distinct understanding, and relying upon said promise and representation, each of these defendants did write his name upon said note as aforesaid, but the said promissory note was not indorsed by the number, nor by the persons whose signatures were to have been thus obtained before these defendants should in any event become liable as indorsers upon said note.

"(2)   That these defendants, if bound at all upon said note, were liable as accommodation indorsers, and not otherwise, but that plaintiff did not give notice of nonpayment by the defendant Pahvant Valley Land Company to any of these defendants, and therefore none of these defendants are indebted in any sum whatever to the plaintiff.

"(3)   These defendants further allege that an examination by them of the original note upon which they wrote their names in blank as aforesaid has, since they so wrote their names thereon, been altered by the placing thereon of the following words by means of a stamp; 'Notice and protest waived, and for value received payment of the within note quaranteed by'—and that said stamp was placed upon said note fraudulently subsequent to their signing as aforesaid, and without the knowledge or consent of these defendants."

A reply was filed by the plaintiff to the answer.

Before proceeding to a trial, on the day set for hearing in the district court a motion was made by the plaintiff for a judgment on the pleadings, which motion was sustained by the court with the proviso that defendants have until the following day to propose amendments to their answer. Defendants declined to amend their answer, whereupon the court rendered judgment on the pleadings in favor of the plaintiff and against the defendants, from which judgment this appeal is prosecuted. The only question for this court to determine therefore, is whether or not the trial court committed error in sustaining plaintiff's motion for a judgment upon the pleadings.

It is conceded that, in a proper case, courts have the inherent power to grant such motions; and it is likewise conceded that, if the answer of the defendants presented a single material issue to be tried, the court erred in granting the motion in question.

It is contended by appellants that their answer presented and raised four material issues, viz.: (1) Conditional indorsement of note; (2) alteration of indorsement; (3) correctness of note; (4) ownership of note. It is affirmatively alleged in the answer of the appellants that their indorsement of the note in question was obtained with the understanding and their reliance upon the representation and promise that others than themselves were to indorse the note whose signatures were never obtained.

It has been held by this court in the case of *State Bank of Utah* v. *Burton-Gardner Co.*, 14 Utah, 420, 48 Pac. 402, cited and relied upon by appellants in their brief, that such a defense, when properly pleaded, of course, is sufficient; and we think the rule of law as in that case enunciated **1, 2, 3** is the proper one, and is in harmony with the great weight of authority. The difficulty, however, presented by the appellants' pleading in the case at bar is whether or not they have stated facts sufficient to enable the trial court to permit them to go to trial upon such an issue. Before a defense can be successfully made that an indorsement in blank of a promissory note was conditional, it must be shown that the conditional indorsement was accepted by, or was made

with notice to, or acknowledged on the part of, the payee before or accompanying the delivery; and it necessarily follows that before proof of such a defense can be offered the facts constituting the defense must be pleaded with common certainty. *Flint* v. *Nelson et al.*, 10 Utah, 261, 37 Pac. 479; *State Bank* v. *Burton-Gardner Co.*, supra; *Carter* v. *Moulton*, 51 Kan. 9, 32 Pac. 633, 20 L. R. A. 309, 37 Am. St. Rep. 259; *Humphreys* v. *Crane*, 5 Cal. 173; *Dunham* v. *Travis*, 25 Utah, 65, 69 Pac. 468.

Appellants also made the contention that the note in question has been materially altered since the placing of their names thereon by the words, "Notice and protest waived, and for value received payment of the within note guaranteed by," being written above their signatures, and that said words were stamped upon said note fraudulently and without the knowledge and consent of the appellants.

Again, we are confronted with the question: Have the appellants by their answer stated facts sufficient to entitle them to proceed to the trial of the issue sought to be raised by the allegations of their answer? It is to be observed that appellants' answer signally fails to state when or by whom the alleged wrongful stamping of the words complained of was done. It may be conceded that, under all the authorities, and the statutory law of this state as well, the defense claimed by appellants, when sufficiently pleaded, raised an issue to be tried and submitted to the trial court or the jury properly determining the facts from the evidence submitted; but in the case at bar we think the court was amply justified in ruling that the appellants here had not sufficiently stated such a defense by their answer to the plaintiff's complaint.

In view of the fact that plaintiff specifically alleged in its complaint that interest payments had been made by the defendants at divers times and for stated amounts since the maturity of the note in question, it then became material for the appellants to say in effect by their answer, before they could rely upon it as a defense, that the alteration complained of was made, not only without appellants' knowledge and

consent, but that the alteration had been made by the plaintiff, its privity, or with knowledge on the part of plaintiff, before delivery, and, further, that appellants have not since acquiesced in or ratified the alteration. These matters were material allegations, without which the answer of the appellants was insufficient and did not constitute a defense to the plaintiff's complaint.

The stamping complained of by appellants as an alteration of the note set forth in plaintiff's complaint appears to be regular on its face, without erasures, interlineations, or improper action indicating that it was not duly authorized. Therefore the presumption, as held by the great weight of authority, is that the stamping was properly made on the note before delivery to the plaintiff. *Towles* v. *Tanner,* 21 App. D. C. 530; *Galloway* v. *Bartholomew,* 44 Or. 75, 74 Pac. 467, 1 R. C. L. p. 1041, and cases cited in note.

Assuming that the note was materially altered, also the facts stated in the answer when and by whom the alteration was made, it further appears from the plaintiff's complaint that interest payments were made from time to time covering a period of approximately six months after the maturity of the note, thus in effect pleading ratification on the part of the appellants, as held by the great weight of authority. Tiedeman on Commercial Paper, section 396; Joyce, Defenses to Commercial Paper, section 150; *Holyfield* v. *Harrington et al.,* 84 Kan. 760, 115 Pac. 546, 39 L. R. A. (N. S.) 131; *Divide Canal & Reservoir Co.* v. *Tenney,* 57 Colo. 14, 139 Pac. 1110. Of course, the rule is, as stated in appellants' brief, that a party must have actual knowledge of the alteration before payment would constitute a ratification; but when, as here, payment is set forth in the complaint, and admitted in the answer, without alleging it was made without appellants' knowledge or consent, ratification, to our minds, is sufficiently implied. 2 C. J. p. 1258.

The general rule of pleading alteration of a written instrument under the Code requires that, where the instrument is declared upon in its altered form, as here claimed by appellants, the answer should be in the form of a general

denial of all the material allegations of the complaint, 7
or a specific denial of the execution of the instrument
or a specific statement of the facts relied upon for a
defense. 2 C. J. p. 1261. The answers of the appellants in
the case at bar did not meet these requirements.

We have carefully reviewed the authorities cited by appel-
lants in their brief, and, after doing so, we do not think they
support their contention that the trial court erred in sus-
taining the plaintiff's motion for a judgment on the plead-
ings, especially after affording the appellants the opportunity
to propose amendments to their answer and their declining to
do so. Therefore the judgment of the trial court must be
affirmed, with costs to respondent.

It is so ordered.

FRICK, C. J., and McCARTY, J., concur.